A93A1057. DUNCAN v. CROPSEY.
(437 SE2d 787)

McMURRAY, Presiding Judge.

This case is an offshoot of *Rice v. Cropsey*, 203 Ga. App. 272 (416 SE2d 786). In that case, Rice brought suit against Cropsey seeking damages for various acts of misconduct allegedly committed by Cropsey; Cropsey counterclaimed for damages for abusive litigation. A jury found in favor of Cropsey and awarded attorney fees, in the amount of $15,000, and punitive damages, in the amount of $125,000, against Rice. On appeal, this court affirmed the award of attorney fees, but reversed the award of punitive damages, holding that punitive damages cannot be tacked on to an abusive litigation award of attorney fees.

Following the remittitur, Cropsey sought an award of attorney fees against Vernon W. Duncan, Rice's lawyer, pursuant to OCGA § 9-15-14. In support of the motion, Cropsey submitted the affidavit of her attorney, who deposed that his hourly rate in the case was $75; that the rate was reasonable in that it was comparable to or lower than the hourly rate "charged by other attorneys in this area in similar litigation"; and that the "jury awarded Sandra Cropsey $15,000.00 in attorney fees for attorney fees through the trial."

A hearing was held upon Cropsey's motion and the trial court determined that Rice's case lacked substantial justification, was interposed for the purpose of harassing Cropsey, and was unnecessarily expanded by Duncan via "improper conduct." Accordingly, the trial court granted Cropsey's motion and ordered that she recover attorney fees against Duncan in the amount of $15,000. Duncan sought discretionary review. See OCGA § 5-6-35 (a) (10). We granted Duncan's application and this appeal followed. *Held*:

1. Following the entry of judgment upon the jury's verdict, Rice filed a motion for a new trial and a motion to set aside the judgment. The trial court denied the motions. Rice appealed the denial of the motion for a new trial to the Supreme Court and simultaneously she sought in this court, and we granted, a discretionary appeal from the denial of the motion to set aside. The Supreme Court transferred the appeal from the denial of the motion for a new trial to this court. See *Rice v. Cropsey*, supra at 272.

Former Presiding Justice George T. Smith was a member of the Supreme Court when Rice's appeal from the denial of the motion for a new trial was transferred to this court. Along with co-counsel Anthony Kirkland, Smith now represents Duncan in this appeal.

Cropsey has filed a motion to disqualify Smith. She asserts that Smith's subsequent representation of Duncan gives an "appearance of impropriety" and violates Code of Professional Responsibility DR 9-101 (A) which reads: "A lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity." In support of her motion, Cropsey posits that during oral argument in the Supreme Court, Smith asked a question demonstrating he agreed with Rice's position.

We deny the motion to disqualify Smith. In our view, Smith's representation of Duncan did not give rise to an appearance of impropriety.

*American Bar Association Opinion* 49 (1931) clarifies DR 9-101 (A). Therein it is said: "A lawyer who has previously occupied a judicial position or acted in a judicial capacity, should refrain from accepting employment in any matter involving the same facts as were involved in any specific question which he acted upon in a judicial capacity and, for the same reasons, should also refrain from accepting any employment which might reasonably appear to involve the same facts."

It cannot be said that the representation of Duncan involves, or reasonably appears to involve, the same facts as were involved in the previous appeal in which Smith acted in a judicial capacity. After all, the previous appeal involved Rice and Cropsey, not Duncan. Thus, Duncan's conduct was not the focus of the inquiry in the previous appeal. Besides, the Supreme Court did not act upon the merits of the previous appeal. It simply transferred the case to this court.

Even if it could be said that Smith's conduct yields an appearance of impropriety, we would be hard pressed to prohibit Smith from representing Duncan. Why? Because "[t]he case law is clear that counsel may not be disqualified on the basis of an appearance of impropriety alone. *Blumenfeld v. Borenstein*, 247 Ga. 406, 409 (276 SE2d 607) (1981). While there does not appear to be even an appearance of impropriety here, clearly there was no conflict of interest or any jeopardizing of client confidences coupled with it so as to outweigh a client's [Duncan's] interest in having an attorney of choice." *State of Ga. v. Shearson Lehman Bros.*, 188 Ga. App. 120, 123 (372 SE2d 276).

2. Duncan asserts, inter alia, that the evidence submitted by Cropsey in support of her OCGA § 9-15-14 motion was insufficient to establish an attorney fee award. We agree.

In his affidavit, Cropsey's attorney simply stated that his hourly rate was $75; that that rate was reasonable; and that the jury awarded Cropsey $15,000 in attorney fees upon the trial of the case. He did not set forth the number of hours that he expended on the case; and he did not state the number of hours that were attributable to Duncan's

conduct; he did not state that an attorney fee award of $15,000 was reasonable. In sum, Cropsey's attorney merely relied on the jury's award to establish the attorney fee that the trial court was to assess against Duncan. This evidence was insufficient to enable the trial judge to assess the attorney fee award. See *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (4) (278 SE2d 689) (no proof of value of attorney fees). Compare *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 443 (5) (367 SE2d 263), in which counsel failed to prove what portion of the total attorney fee was allocable to abusive litigation claim, with *Campbell v. Bausch*, 195 Ga. App. 791, 792 (395 SE2d 267), in which counsel produced records showing the work he undertook and the time expended, testified to his experience and hourly rate, estimated the number of hours he expended on the abusive litigation claim, and verified the reasonableness of his fee.

Could Cropsey's counsel rely solely upon the jury's attorney fee award to establish the reasonableness of an attorney fee award against Duncan? We think not.

OCGA § 9-15-14 (f) provides: "An award of reasonable and necessary attorney's fees or expenses of litigation under this Code section shall be determined by the court without a jury and shall be made by an order of court which shall constitute and be enforceable as a money judgment." This subsection makes it clear that in assessing attorney fees against a party, or the party's attorney, pursuant to OCGA § 9-15-14, the trial judge must make an independent determination concerning the reasonableness and necessity of the fees. See *Copelan v. Burrell*, 174 Ga. App. 63, 64 (2) (329 SE2d 174). The trial judge cannot make such a determination unless evidence of the value of legal services is presented. Id. See *Talley-Corbett Box Co. v. Royals*, 134 Ga. App. 769, 770 (2) (216 SE2d 358).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur. Pope, C. J., disqualified.*

DECIDED OCTOBER 28, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993

*Barnes, Browning, Tanksley & Casurella, George T. Smith, Anthony Kirkland,* for appellant.

*Beck, Owens & Murray, Richard L. Collier, Eugene W. Dabbs IV, Bolton & Park, Jack L. Park, Jr., Freeman & Hawkins, Howell Hollis III,* for appellee.