## S96A0821. UNITED COMPANIES LENDING CORPORATION v. PEACOCK et al.
### (475 SE2d 601)

BENHAM, Chief Justice.

This case involves an appeal from the granting of a permanent injunction and the award of attorney fees.

David and Duron Peacock borrowed funds from United Companies Lending Corporation ("UCLC") to purchase property, and gave UCLC a security deed on the property. In March 1993, the Peacocks requested a payoff figure and amortization schedule of loan history from UCLC in order to pay off the note. In April 1993, the Peacocks received an inaccurate payoff figure which overstated the amount of interest due, but did not receive an amortization schedule of loan history. At this time, the Peacocks ceased payments to UCLC. In June 1993, the Peacocks requested an accurate payoff figure and payment history from UCLC. In July 1993, the Peacocks received a letter from UCLC indicating that UCLC was going to begin foreclosure proceedings but still did not receive the requested amortization schedule. In August 1993, the Peacocks received a payoff figure which, though less than the previous payoff figure, still was inaccurate. In late September 1993, the Peacocks received a new payoff quotation from UCLC showing interest due of $2,298.39. In October 1993, UCLC instituted foreclosure proceedings against the Peacocks.

The Peacocks[1] sued UCLC in a six-count complaint, seeking,

---

[1] Subsequent to purchasing the property, David and Duron Peacock deeded their interest in the property to Willard Peacock, their father. Willard Peacock was initially a party to the complaint, but the trial court dismissed him from the suit, finding that he was not a proper party.

inter alia, an interlocutory injunction against foreclosure and against dissemination of derogatory credit information, damages for failure to act in good faith in connection with a promissory note, attorney fees, damages for a scheme to defraud, and a recovery based on unjust enrichment. UCLC failed to answer the complaint, the trial court granted in part the Peacocks' motion for entry of default judgment, and the case was set for trial on the issue of damages. At the conclusion of trial, the trial court dismissed three counts and awarded nothing under a fourth count, but granted a permanent injunction prohibiting UCLC from disseminating derogatory credit information about the Peacocks under one count, and ordered UCLC to pay the Peacocks $2,622.48 in damages under another count. The court also awarded $30,869 in attorney fees and $1,071 as expenses of litigation.

1. OCGA § 9-11-54 (c) (1) provides that:

A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings . . . .

Here, the Peacocks sought, inter alia, an interlocutory injunction to enjoin UCLC from disseminating derogatory credit information about the Peacocks. UCLC asserts on appeal that because the trial court issued a permanent injunction rather than an interlocutory one sought by the plaintiffs, the trial court erred. See, e.g., *Watkins v. Wilkerson*, 141 Ga. 163 (5) (80 SE 718) (1913) (trial court should not undertake to grant a permanent injunction at an interlocutory hearing). After entering a default judgment against UCLC, the issue of damages was litigated, and because the issue of damages was litigated, we conclude that this was not purely a default judgment. Moreover, under OCGA § 9-11-54 (c) (1), the trial court was authorized to issue a permanent injunction if the evidence presented at trial supported such an injunction. See also OCGA § 9-11-15 (b) (when issues not raised by pleadings are litigated, they shall be treated as if raised by the pleadings), and *Wade v. Polytech Indus.*, 202 Ga. App. 18 (413 SE2d 468) (1991) (evidence introduced without objection suffices to amend the pleadings). However, because the trial court failed to set out specific findings of fact that it relied upon in issuing a permanent injunction, we cannot determine whether a permanent injunction was supported by the evidence. Although UCLC requested that the trial court make specific findings of fact pursuant to OCGA

§ 9-11-52 (a), the trial court failed to do so. Therefore, we remand the case to the trial court for preparation of such findings of fact. See *Henderson v. Glen Oak, Inc.*, 179 Ga. App. 380 (346 SE2d 842) (1986), aff'd, 256 Ga. 619 (351 SE2d 640) (1987).

2. A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim. Here, the Peacocks prevailed and were awarded damages under only one of the six counts initially sought. However, at trial, the Peacocks proved the lump amount of fees and expenses incurred to work on all six counts of the complaint on behalf of all three original plaintiffs. Because the Peacocks did not prove the amount of attorney fees attributable solely to the claim in which they prevailed, we hereby reverse the award and remand the case to the trial court with direction to conduct a hearing on attorney fees and limit the award of attorney fees to the amount based upon the prevailing claim. *Southern Cellular v. Banks*, 209 Ga. App. 401 (433 SE2d 606) (1993).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996 —
RECONSIDERATION DENIED OCTOBER 4, 1996.

*Wade & Campbell, Douglas N. Campbell, Nancy P. Parson,* for appellant.
*Holland & Knight, Barry G. Roberts,* for appellees.