## A98A0313. HUGGINS et al. v. CHAPIN.
### (503 SE2d 356)

SMITH, Judge.

This case arises out of the trial court's award of attorney fees in favor of J. Thomas Chapin against Ronald Huggins and I.H. International, Inc. Chapin filed an action against Huggins and I.H. International, Inc. alleging fraud and violation of the Georgia Securities Act of 1973, OCGA § 10-5-1 et seq. The trial court granted summary judgment to Chapin with respect to the securities violation and awarded him attorney fees under OCGA § 10-5-14 (a), in addition to the amount of his investment plus interest. We affirmed this judgment in *Huggins v. Chapin*, 227 Ga. App. 340 (489 SE2d 109) (1997). Following a hearing, the trial court awarded Chapin attorney fees in the amount of $40,000. Huggins appeals this award. Because we conclude that the trial court failed to show how it apportioned attorney fees to that claim on which Chapin prevailed, we vacate the trial court's judgment and remand this case for further proceedings concerning the attorney fees issue, as more fully discussed below.

In support of Chapin's claim for attorney fees, his attorney submitted an affidavit reciting his hourly rate and the number of hours he and other members of his law firm had spent on the case, as well as the rates charged by the other attorneys assisting in the case. In his affidavit and again during the hearing on the attorney fees motion, he relied on these figures to reach a figure that, in his opinion, reasonably represented the total attorney fees incurred by members of his firm. He also recited an amount representing expenses incurred during the litigation.[1] Attached to the attorney's affidavit were billing statements provided to Chapin.

Huggins's principal argument below was that Chapin's counsel failed to distinguish between fees incurred in connection with Chapin's successful securities violation claim and those attributable to Chapin's remaining fraud claims. It is true that the actual dollar figures presented by Chapin represented the total amount of fees and expenses incurred as a result of pre-filing settlement negotiations, the filing of pleadings, extensive discovery, and trial preparation, without clearly delineating which fees were attributable to those associated with the securities claim. And under the well settled law of this state, a "lump sum" recovery for fees associated with claims on which a litigant does not prevail is unauthorized. See, e.g., *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996); *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401,

---

[1] He reached a figure of $70,613.50, minus a retainer of $8,806.33, which represented the total attorney fees incurred by the firm. He stated that litigation expenses equalled $4,612.83.

402 (433 SE2d 606) (1993). But when asked if he could separate out the time and expenses attributable to the Securities Act claim from the other three original claims, Chapin's attorney responded that all the work was "intertwined to the point that it is impossible to identify any particular act that applied uniquely only to one claim." In his judgment, "everything we did . . . had application to all claims because the fraud issue was related to [the] in pari delicto defense. The fraud issue was related to the it's not a security defense. . . . [I]t is impossible to distinguish because there were no distinguishable acts. All of the actions we took were in pursuit of all of the claims because they were all intertwined and the same facts had to be discovered relative to all of the claims because of the nature of the defenses that were raised."

Several times during the hearing, the trial court appeared to recognize the inequity of awarding the total amount of Chapin's attorney fees incurred in preparation of all of his claims for trial; the court clearly appreciated the difficulty inherent in a case such as this.[2] Obviously attempting to reach an equitable figure representing less than the total amount of approximately $75,000 sought by Chapin, the court awarded attorney fees in the amount of $40,000.

The sum arrived at may well have been reasonable. Chapin's evidence that all of his claims were intertwined and that work performed in connection with all claims was necessary as well for the securities claim may have persuaded the court. Or the court may not have based its award at all on the interwoven nature of the claims, but simply concluded that $40,000 was the sum attributable to the successful securities claim alone. On its face, however, the trial court's order fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was $40,000 as opposed to any other amount. While the court may well have engaged in such a process, it is not reflected in the award or the record. The trial court simply did not provide this Court with a yardstick by which we may judge whether the award is reasonable. The award at least *appears* to be based upon guesswork, a result not authorized under our law. *Southern Cellular*, supra at 402. We therefore vacate the trial court's judgment and remand this case for further action by the trial court. The court is directed to indicate the basis for its award. If the court needs supplemental evidence to determine the amount of attorney fees reasonably attributable to Chapin's prevailing claim, it may hold a hearing. Alternatively, if the court concludes it can make the

---

[2] For example, the court stated that it would not "be fair to award [Chapin] attorneys fees for a lot of work done for claims that are unresolved" and that it would not award all of the fees if portions of the case remained pending.

required determination without such evidence, by further considering the evidence already submitted by Chapin, it may do so.

We note Chapin's argument that OCGA § 10-5-14 is a "strict liability" statute, under which recovery of *all* attorney fees associated with the return of his investment is authorized regardless of the fact that he prevailed on motion for summary judgment on only one claim. But OCGA § 10-5-14 (a) does not recite that all fees in a multi-count action for claims other than those made under the Georgia Securities Act are recoverable, and we find no other authority for adopting such a rule and thereby expanding the well settled principle that actual attorney fees must be proved. Like other statutes authorizing the recovery of attorney fees OCGA § 10-5-14 (a) permits recovery of *reasonable* attorney fees, that is, fees allocated to successful claims. See generally e.g., *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 443 (5) (367 SE2d 263) (1988) (construing OCGA § 44-7-35 (c), which authorizes reasonable attorney fees when landlord fails to return any portion of security deposit required to be returned to tenant).

*Judgment vacated and case remanded with direction. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 26, 1998.

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss*, for appellants.

*Wilson, Strickland & Benson, Mary M. Brockington, Sara L. Doyle, Daniel I. MacIntyre IV*, for appellee.