A99A2044. HILL v. DOE.
(522 SE2d 471)

MCMURRAY, Presiding Judge.

In this renewal action for uninsured motorist benefits, Progressive Northwestern Insurance Company answered and the case was placed on the March 15, 1999 civil jury calendar. At the call of that calendar, plaintiff Robert Hill did not appear. Plaintiff's counsel was ordered to appear the next day, with his client, ready to try the case. On the morning of March 16, 1999, defendant appeared, ready to try the case and the superior court had 32 jurors ready. After 9:00 a.m., plaintiff's counsel announced he would dismiss the case. For this perceived abuse of the litigation process, the superior court imposed sanctions jointly against plaintiff and his counsel, awarding $500 to defendant Progressive Northwestern Insurance Company, and further awarding $480 to the Superior Court of DeKalb County, representing the cost of 32 jurors. Plaintiff's application for discretionary appeal was granted, and a timely notice of appeal was filed. *Held*:

1. This discretionary appeal was granted ostensibly under OCGA § 5-6-35 (j). This was improvident.

The order imposing a [$980] sanction for [unnecessarily

expanding the proceeding] is in the nature of an award for frivolous litigation within the purview of OCGA § 9-15-14 (b). Such an award is not directly appealable but requires an application to this court pursuant to the discretionary appeal procedures. OCGA § 5-6-35 (a) (6).

*Bonnell v. Amtex, Inc.*, 217 Ga. App. 378 (457 SE2d 590).

2. We treat the instant sanction as a sua sponte award as authorized by OCGA § 9-15-14 (b). *Hardwick-Morrison Co. v. Mayland*, 206 Ga. App. 426, 427 (425 SE2d 416). "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566). The undisputed facts as explained in the court's order authorized the superior court's imposition of nominal sanctions in an amount closely tied to the direct expenses incurred by DeKalb County and defendant due to plaintiff's cavalier treatment of the public and the opposing party after what amounted to a special setting of this renewal action. The superior court did not manifestly abuse its discretion, and so the sanctions imposed under OCGA § 9-15-14 (b) are affirmed. *Mitcham v. Blalock*, 268 Ga. 644, 647 (5) (491 SE2d 782); *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352, 354 (3) (494 SE2d 82); see also *Howard v. Sharpe*, 266 Ga. 771 (470 SE2d 678).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 8, 1999.

*Rajan Bhandari*, for appellant.
*Shur, McDuffie, Brockman & Leveille, Brett F. Shur*, for appellee.