A02A0749. SHREE ANNPURNA, INC. v. UDHWANI.

(567 SE2d 42)

MILLER, Judge.

The question on appeal is whether the trial court properly entered summary judgment in favor of a lender whom the debtor had sued for refusing to cancel a security deed, where the debtor never made a written demand for liquidated damages under OCGA § 44-14-3 (c). We hold that the lack of the statutory demand for liquidated damages precludes liability and therefore affirm.

On a defendant's motion for summary judgment, we construe the evidence in the plaintiff's favor, giving plaintiff the benefit of all doubts and indulging all reasonable inferences in plaintiff's favor. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is appropriate only if under the facts as so construed, judgment is required as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see OCGA § 9-11-56 (c).

So construed, the evidence showed that Shree Annpurna, Inc. purchased a motel from Gurcharansingh Udhwani. As part of the purchase price, Udhwani received from Shree a note secured by a second-in-priority security deed. For years, Shree forwarded payments on the note to Udhwani's brothers (Jack and Mike), who were Udhwani's agents for collecting the debt.

Three years into the note, Jack approached Shree about paying

---

the note off early in a lump sum. Shree and Jack negotiated a lump sum of $23,000 in full payment of the note, which money Shree forwarded to Jack in a check made out to Udhwani that bore the words, "For Final Payment for Note for Shree Annpurna, Inc." Jack received and negotiated the check in February 1997, applying it to pay the note. Despite Shree's requests, Udhwani made no effort to cancel the second security deed, even though the now-satisfied note was the only obligation the deed secured.

In May 1998, Shree sent Udhwani a letter demanding that Udhwani cancel the second security deed. The letter contained no demand for damages, whether liquidated or otherwise. Udhwani did not respond, and when Shree began efforts to sell the motel to a third party, Shree orally asked Udhwani in December 1999 to cancel the deed and also sent him a second demand letter in January 2000 that insisted that the second security deed be cancelled and that pointed out that the debt had been paid off in February 1997. Again, the letter contained no demand for any type of damages. A third letter demanding cancellation followed in February 2000, which noted that the property had been sold to a third party earlier that month (with funds held in escrow) and which threatened suit for compensatory and punitive damages and attorney fees against Udhwani. The letter did not mention nor demand liquidated damages. Udhwani finally cancelled the deed later that month.

Two months later, Shree sued Udhwani under OCGA § 44-14-3 (c), seeking liquidated, compensatory, and punitive damages and attorney fees. Udhwani moved for summary judgment, which the trial court granted. The court concluded that the February 2000 letter contained a sufficient demand for liquidated damages but entered summary judgment on other grounds. Without considering the other grounds cited in the trial court's ruling, we affirm on the ground that Shree never made a specific written demand for liquidated damages, an express prerequisite for any liability under the statute.

OCGA § 44-14-3 (b) (1) requires a grantee holding a security deed to cancel that deed within 60 days of the time the underlying obligation is satisfied. OCGA § 44-14-3 (c) authorizes an action against the grantee if he fails in this duty, rendering him liable, upon written demand, for $500 as liquidated damages, for compensatory damages, and for attorney fees. However, the statute expressly states: "the grantee or holder shall not be liable to the grantor unless and until a written demand for the liquidated damages is made." OCGA § 44-14-3 (c).

Here there is no specific demand for liquidated damages in any of the three letters nor in any other writing. The February 2000 letter is the only letter to mention let alone demand damages, and even then (without citing the statute) only references "substantial claims

for damages," which it goes on to define as claims for compensatory and punitive damages and attorney fees. It does not reference nor demand liquidated damages of any sort. Accordingly, under the express terms of the statute, Udhwani is not liable to Shree. Inasmuch as we affirm the grant of summary judgment if it is right for any reason, *Hot Shot Express v. Assicurazioni Generali, S.P.A.*, 252 Ga. App. 372, 373 (556 SE2d 475) (2001), we affirm the summary judgment here in favor of Udhwani.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 13, 2002.

*James D. Hyder, Jr.*, for appellant.
*Fortson, Bentley & Griffin, Robert N. Elkins*, for appellee.