## A05A0942. FRANKLIN CREDIT MANAGEMENT CORPORATION v. FRIEDENBERG.
### (620 SE2d 463)

BLACKBURN, Presiding Judge.

In this action originally filed to collect on a promissory note (which complaint the plaintiff soon dismissed with prejudice), plaintiff Franklin Credit Management Corporation ("Franklin") appeals the grant of summary judgment to Karen Friedenberg on her counterclaim for damages arising out of Franklin's refusal to cancel a deed securing the note until four years after the note had been paid. Franklin argues that because it did not receive a written demand for liquidated damages via certified mail, the court erred in awarding liquidated damages under OCGA § 44-14-3 (c). Franklin further challenges the court's two awards of attorney fees under this section and under OCGA § 9-15-14 (b) as unsupported by the evidence or by appropriate findings. We affirm the judgment of liability and the amount of liquidated damages and attorney fees awarded under OCGA § 44-14-3 (c) as well as the judgment of liability for attorney fees under OCGA § 9-15-14 (b), but we vacate the amount of attorney fees awarded under OCGA § 9-15-14 (b) and remand the case with instructions as set forth below.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

The undisputed evidence shows that Franklin held a note and a security deed, both executed by Friedenberg. Franklin agreed to accept $50,000 to satisfy the remaining balance on the note. Franklin received the $50,000 along with a written demand from Friedenberg that Franklin proceed to have the security deed marked "satisfied" and cancelled in the real estate records or else be liable to her for $500 in liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c). Franklin, however, failed to do so.

Four years later, Franklin in August 2002 claimed Friedenberg was in default under the note and filed a complaint to recover the balance allegedly remaining due under the note, attaching the note and security deed as exhibits. In her answer, Friedenberg asserted that the debt had been paid and set forth a counterclaim, alleging that

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Franklin's refusal to have the deed cancelled violated OCGA § 44-14-3 and entitled her to liquidated, compensatory (damage to credit), and punitive damages, as well as attorney fees under OCGA § 13-6-11. In January 2003, Franklin dismissed its complaint with prejudice, but the counterclaim remained pending. In March 2003, Franklin finally took the steps necessary to cancel the security deed at issue.

Following discovery, both parties moved for summary judgment on Friedenberg's counterclaim. The court granted summary judgment to Franklin on Friedenberg's requests for loss-of-credit damages, punitive damages, and OCGA § 13-6-11 attorney fees. But the court granted summary judgment to Friedenberg on her request for liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c). After conducting an evidentiary hearing on the amount of attorney fees, the court entered final judgment awarding Friedenberg $500 in liquidated damages and $1,605 in attorney fees under OCGA § 44-14-3 (c). Finding that Franklin's obstinacy in denying any liability under OCGA § 44-14-3 (c) lacked substantial justification, the court sua sponte awarded Friedenberg an additional $15,460.99 in attorney fees under OCGA § 9-15-14 (b). Franklin appeals.

1. *Award under OCGA § 44-14-3 (c)*. Regarding that portion of the judgment awarding liquidated damages and attorney fees under OCGA § 44-14-3 (c), Franklin argues that (i) it is not liable for liquidated damages nor attorney fees, and (ii) the award of $1,605 in attorney fees improperly included attorney fees incurred in defending against Franklin's now-dismissed complaint to collect on the note. We reject Franklin's arguments and affirm this portion of the judgment.

(a) *Liability for Liquidated Damages and Attorney Fees*. Franklin's refusal to cancel the security deed for four years, despite the debt having been paid off and despite Franklin's having received a written demand for liquidated damages, falls squarely within the language of OCGA § 44-14-3. Subsection (b) (1) of this Code section obligated Franklin, within 60 days of the date of full payment, to furnish the clerk of the appropriate superior court a legally sufficient satisfaction or cancellation authorizing the clerk to cancel the security deed. Subsection (c) warned:

> Upon the failure of the grantee or holder to transmit properly a legally sufficient satisfaction or cancellation as provided in this Code section, the grantee or holder shall, upon written demand, be liable to the grantor for the sum of $500.00 as liquidated damages and, in addition thereto, for such additional sums for any loss caused to the grantor plus reasonable attorney's fees. The grantee or holder shall not be

liable to the grantor if he or she demonstrates reasonable inability to comply with subsection (b) of this Code section; and the grantee or holder shall not be liable to the grantor unless and until a written demand for the liquidated damages is made. No other provision of this Code section shall be construed so as to affect the obligation of the grantee or holder to pay the liquidated damages provided for in this subsection.

Here, Franklin failed to transmit any cancellation or satisfaction for four years, despite having received full payment and a written demand for liquidated damages. As Franklin has not alleged it was unable to comply with this obligation, liability is undisputed. Compare *Shree Annpurna, Inc. v. Udhwani*[2] (failure to reference liquidated damages in written demand precluded liability under OCGA § 44-14-3 (c)).

Nevertheless, Franklin claims that OCGA § 44-14-3 (c) should be read to require that to be effective, the written demand for liquidated damages must be sent by registered or certified mail or statutory overnight delivery, return receipt requested. Such a requirement, of course, does not appear in this subsection. Franklin argues, however, that since such a requirement exists in the next subsection (OCGA § 44-14-3 (c.1)) for the written notice sent thereunder, this requirement should also be imposed on the written demand sent under subsection (c).

This argument is meritless for at least two reasons. First, subsection (c.1) concerns the somewhat stricter procedure a party follows to have the superior court clerk cancel the security deed where the security deed holder refuses to provide the required cancellation or satisfaction documents. To ensure the integrity of deed records, a party pursuing this independent remedy must send a written notice (containing certain specific information) to the security deed holder via strict means, and, if the security deed holder fails to send the superior court clerk appropriate documents in a timely manner, that clerk is nevertheless authorized and directed to cancel the security deed upon recording a specified affidavit by an attorney (or by an officer of certain financial institutions). This remedy of deed cancellation on the real estate records under subsection (c.1) is separate and in addition to the remedy available for seeking liquidated and other damages from the security deed holder under subsection (c). There is no reason or rationale to impose the notice requirements of one subsection on the other, especially when both address that issue in

---

[2] *Shree Annpurna, Inc. v. Udhwani*, 255 Ga. App. 799, 800-801 (567 SE2d 42) (2002).

their respective texts. See *Lebbos v. Davis*[3] ("the requirements of OCGA § 44-14-3 (c.1) are irrelevant [where the debtor is] not attempting to cancel the security deed through an attorney's affidavit").

Second, the last sentence of subsection (c) clearly prohibits any interpretation that would superimpose the requirements of another provision of OCGA § 44-14-3 onto subsection (c). That sentence reads: "No other provision of this Code section shall be construed so as to affect the obligation of the grantee or holder to pay the liquidated damages provided for in this subsection." OCGA § 44-14-3 (c). This language plainly precludes Franklin's argument that the certified mail requirement of subsection (c.1) would in any way affect the obligation of Franklin to pay liquidated damages under subsection (c).

Despite the plainness of this statutory language, and despite having received a payoff and a written demand for liquidated damages, Franklin nevertheless refused for four years to have the deed cancelled and instead sued Friedenberg to collect on the already-satisfied note. Pursuant to OCGA § 44-14-3 (c), Franklin was clearly liable to Friedenberg for the sum of $500 as liquidated damages and for reasonable attorney fees.

(b) *Amount of Attorney Fees*. Franklin then challenges the $1,605 amount awarded as attorney fees under OCGA § 44-14-3 (c), arguing that this amount included attorney fees incurred in defending Franklin's complaint. Franklin contends that attorney fees may only include those fees incurred in pursuing the liquidated damages award. We disagree.

OCGA § 44-14-3 (c) does not restrict the reasonable attorney fees available thereunder to just those directly incurred in collecting the liquidated damages award. The subsection obligates the noncompliant grantor to pay "the sum of $500.00 as liquidated damages and, in addition thereto, for such additional sums for any loss caused to the grantor plus reasonable attorney's fees." Where the grantor refuses to mark the underlying note as satisfied and to take steps to cancel the security deed, and instead sues the former debtor on the already-satisfied note, we read the language of subsection (c) to authorize the court to award the former debtor his reasonable attorney fees in having to defend that meritless action and in having to prosecute a counterclaim for the liquidated and other damages. The defense of the action is directly related to the creditor's refusal to comply with his OCGA § 44-14-3 (c) obligation to have the security deed cancelled on the real estate records.

---

[3] *Lebbos v. Davis*, 256 Ga. App. 1, 3 (3) (567 SE2d 345) (2002).

Here, the court conservatively awarded Friedenberg only those attorney fees incurred through the end of January 2003 when the suit on the note was dismissed, even though the deed was not satisfied until March 2003. Based on the testimony received at the evidentiary hearing, the court determined the $1,605 amount to be reasonable and necessary. Because some evidence supported this award, we affirm. See *Ovrevik v. Ovrevik*[4] ("any evidence" standard applied to bench findings of fact from nonjury trials of disputed material facts).

2. *Award under OCGA § 9-15-14 (b)*. Regarding the award of $15,460.99 for attorney fees under OCGA § 9-15-14 (b), Franklin argues that (i) its legal position denying liability for liquidated damages was substantially justified and therefore any award under OCGA § 9-15-14 (b) was unauthorized, (ii) the court did not specifically find the $15,460.99 amount to be reasonable and necessary, (iii) the court failed to consider evidence of settlement offers in its determination of attorney fees, and (iv) the $15,460.99 amount improperly included sums expended on unsuccessful claims. "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." (Punctuation omitted.) *Hill v. Doe*,[5] quoting *Haggard v. Bd. of Regents &c. of Ga.*[6] We hold that the court did not abuse its discretion in awarding attorney fees under OCGA § 9-15-14 (b), but that the court failed to sufficiently specify the basis for the particular amount awarded. Therefore, we vacate the amount only and remand with instruction.

(a) *Lack of Substantial Justification*. OCGA § 9-15-14 (b) authorizes a court, sua sponte, to award a party its reasonable and necessary attorney fees if "it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification. . . . As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." We hold that the court did not abuse its discretion in holding that Franklin's obstinacy in denying liability for liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c) lacked substantial justification.

As discussed above, Franklin's only basis for refusing to acknowledge liability for liquidated damages and reasonable attorney fees under OCGA § 44-14-3 (c) was its unsupported argument that the strict notice requirements of OCGA § 44-14-3 (c.1) should be superimposed on the separate written demand requirements of OCGA § 44-14-3 (c). In light of the specific language in subsection (c)

---

[4] *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 759 (1) (564 SE2d 8) (2002).

[5] *Hill v. Doe*, 239 Ga. App. 869, 870 (2) (522 SE2d 471) (1999).

[6] *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

prohibiting the construction of any other provision of OCGA § 44-14-3 so as to affect the obligation of Franklin to pay liquidated damages, the trial court did not abuse its discretion in finding that Franklin's brazen attempt to have the court interpret subsection (c) otherwise was substantially frivolous, groundless, or vexatious.

(b) *Finding that Attorney Fees were Reasonable and Necessary.* Citing *Duncan v. Cropsey,*[7] Franklin asserts that the trial court failed to make the required independent determination concerning the reasonableness and necessity of the attorney fees it awarded under OCGA § 9-15-14 (b). Although this specific finding did not make its way to the written order, the court made such an express finding in the transcript of the evidentiary hearing on the matter. Cf. *Bernocchi v. Forcucci*[8] (appellate court may look to transcript for bench findings not included in written order on motion to disqualify); *Lawrence v. Direct Mtg. Lenders Corp.*[9] (appellate court looked to written judgment in conjunction with court's oral pronouncement to determine basis of punitive damage award). We discern no error.

(c) *Consideration of Settlement Offers.* Franklin contends that in awarding attorney fees under OCGA § 9-15-14 (b), the trial court erred in failing to consider the specifics of the settlement offers between the parties. Without addressing the need for considering such, we note that Franklin never tendered such evidence at the evidentiary hearing and indeed was very careful in telling the court that such was inadmissible. A party may not "induce error and then benefit from it." *Moody v. Dykes.*[10] At the very least, this enumeration is waived. Franklin's transparent decision — after receiving the court's order adverse to its interests — to suddenly change its position and to proffer this evidence in a motion for reconsideration of the order was ineffectual if not disingenuous.

(d) *The Award's Inclusion of Improper Fees.* Franklin argues that the $15,460.99 amount improperly included attorney fees incurred in pursuing Friedenberg's unsuccessful attempts to recover damages other than liquidated damages, such as damage to her credit, punitive damages, and attorney fees under OCGA § 13-6-11. Franklin argues further that the court failed to identify how it arrived at the $15,460.99 figure and therefore the award must be vacated and remanded for additional findings. We disagree with the former argument but agree with the latter.

---

[7] *Duncan v. Cropsey*, 210 Ga. App. 814, 816 (2) (437 SE2d 787) (1993).

[8] *Bernocchi v. Forcucci*, 279 Ga. 460, 461-462 (2) (614 SE2d 775) (2005).

[9] *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 674 (3) (563 SE2d 533) (2002).

[10] *Moody v. Dykes*, 269 Ga. 217, 220 (3) (496 SE2d 907) (1998).

Franklin begins its argument with the premise that Friedenberg's attempts to recover loss-of-credit damages, punitive damages, and attorney fees under OCGA § 13-6-11 were each separate and independent claims. The law does not support the concept that pursuing each type of damages flowing from a specific tort is a separate and independent cause of action. See *Chitwood v. Stoner*[11] (amendment adding claim for punitive damages does not introduce new cause of action since such inheres in and flows from the same tort); *Gardner v. Kinney*[12] ("OCGA § 13-6-11 does not create an independent cause of action [but] merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages.") (punctuation omitted).

Nevertheless, it is true that in awards under OCGA § 9-15-14 (b), "the trial court must limit the fees award to those fees incurred because of the sanctionable conduct." (Punctuation omitted.) *Trotter v. Summerour*.[13] Unsuccessful efforts to recover certain forms of damages may not be included. Id. See *Lawrence*, supra at 676 (4) (court may only award those attorney fees attributable to successful claim). Thus, since the trial court here entered summary judgment against Friedenberg on her prayers for loss-of-credit damages, punitive damages, and OCGA § 13-6-11 attorney fees, the court could not award OCGA § 9-15-14 (b) attorney fees arising from Friedenberg's efforts to recover these damages.

Here, based on the testimony and billing records introduced at the evidentiary hearing, the trial court expressly stated that in calculating the $15,460.99 amount under OCGA § 9-15-14 (b), it was excluding the $1,605 in attorney fees earlier awarded under OCGA § 44-14-3 (c) as well as those attorney fees incurred by Friedenberg in her unsuccessful efforts to recover the disallowed loss of credit and punitive damages. The court did not specify that it was excluding those attorney fees incurred in pursuing the claim for OCGA § 13-6-11 attorney fees. Also, the court did not specify how it calculated the $15,460.99 amount, i.e., it did not identify which billing entries and specific amounts pertained to the unsuccessful efforts and were being subtracted from the overall attorney fees total of $23,659 so as to reach the $15,460.99 amount. We need such detail for proper review.

This state of affairs approximates the circumstances underlying the trial court's order awarding attorney fees in *Huggins v. Chapin*.[14] Noting that the billing records did not clearly delineate which fees

---

[11] *Chitwood v. Stoner*, 60 Ga. App. 599, 600-601 (1) (4 SE2d 605) (1939).

[12] *Gardner v. Kinney*, 230 Ga. App. 771, 772-773 (498 SE2d 312) (1998).

[13] *Trotter v. Summerour*, 273 Ga. App. 263, 267 (2) (614 SE2d 887) (2005).

[14] *Huggins v. Chapin*, 233 Ga. App. 109 (503 SE2d 356) (1998).

were attributable to those associated with the successful securities claim, we held that a "lump sum" recovery for fees associated with claims on which a litigant does not prevail is unauthorized. Id. at 109. We then observed:

> [T]he trial court's order fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount awarded was $40,000 as opposed to any other amount. While the court may well have engaged in such a process, it is not reflected in the award or the record. The trial court simply did not provide this Court with a yardstick by which we may judge whether the award is reasonable. The award at least *appears* to be based upon guesswork, a result not authorized under our law.

Id. at 110.

Accordingly, in *Huggins* we vacated the trial court's award of attorney fees and remanded the case for further action by the trial court. We instructed:

> The court is directed to indicate the basis for its award. If the court needs supplemental evidence to determine the amount of attorney fees reasonably attributable to [the] prevailing claim, it may hold a hearing. Alternatively, if the court concludes it can make the required determination without such evidence, by further considering the evidence already submitted . . . , it may do so.

Id. at 110-111. Cf. *Premier Cabinets v. Bulat*[15] (court instructed on remand to hold evidentiary hearing to establish amount of attorney fees attributable to successful claim).

We follow that same procedure here. We vacate the award of attorney fees under OCGA § 9-15-14 (b) and remand the case for further action by the trial court, giving the same instructions as set forth above.

3. In light of this ruling, we deny Friedenberg's motion for frivolous appeal sanctions.

*Judgment affirmed in part, vacated in part and case remanded with direction. Miller and Bernes, JJ., concur.*

---

[15] *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 583 (5) (583 SE2d 235) (2003).

DECIDED AUGUST 25, 2005.

*Morris, Schneider & Prior, Larry W. Johnson, Frank R. Olson*, for appellant.

*Weinstock & Scavo, Adam M. Gleklen, Robert M. Sneed, Jr.*, for appellee.