**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 20, 2014**

# In the Court of Appeals of Georgia

A14A1177. RAZAVI v. MERCHANT et al.

Phipps, Chief Judge.

This court granted Ehsan Razavi's application for discretionary appeal to challenge the trial court's award of attorney fees to Arif Merchant and his corporation, Great Investors Group, LLC (collectively "Great Investors"), pursuant to OCGA § 9-15-14 (b). Razavi contends that the trial court erred in failing to make proper findings of fact and conclusions of law, in failing to determine the reasonableness of the fees sought, and in making a lump sum award. Razavi further contends that the trial court erred in awarding attorney fees in any amount because his quantum meruit claim, upon which the award was based, did not lack substantial justification; the claim for attorney fees was barred by the doctrines of res judicata or collateral estoppel; and fundamental principles of jurisprudence militate against

allowing Great Investors multiple attempts at obtaining attorney fees. For the reasons that follow, we vacate the award and remand the case for further action by the trial court.

In August 2011, Razavi filed a complaint against Great Investors, alleging, inter alia, a claim for breach of contract and a claim for quantum meruit. At (a bench) trial, after Razavi had rested his case, the trial court dismissed, inter alia, Razavi's claim for quantum meruit. At the conclusion of the trial, the court found in favor of Merchant on Razavi's breach of contract claim (the court denied Razavi's breach of contract claim); and found in favor of Great Investors on counterclaims it had asserted for payment under certain promissory notes, conversion, and assault.

This is the second appearance of this case before this court; in the first appearance, this court affirmed the judgment of the trial court pursuant to Court of Appeals Rule 36. After the remittitur was issued, a hearing was held in the trial court on a motion for attorney fees pursuant to OCGA § 9-15-14 (b), which motion Great Investors had timely filed, and had later amended.[1]

---

[1] See OCGA § 9-15-14 (e) ("Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action.").

In seeking attorney fees pursuant to OCGA § 9-15-14 (b), Great Investors argued:

> The claims asserted by [Razavi] lacked substantial justification. [Razavi] was not the correct party in interest to bring a quantum meruit complaint against [Great Investors]. Yet, the greatest majority of the time devoted to this case was associated with these quantum meruit claims. Furthermore, even if [Razavi] had been the appropriate party to assert the quantum meruit claim, [Razavi's] claims were without merit. [Razavi] had no documentation or evidence to support the quantum meruit claim[.]

An affidavit executed by counsel for Great Investors was attached as an exhibit to the amended motion. At the hearing on the motion for attorney fees, counsel for Great Investors stated that his hourly rate was $250, that he had expended 84.3 hours representing Great Investors in the case, and that the total amount of attorney fees Great Investors had incurred in the case was $21,075. Counsel further stated that the total amount of paralegal time expended on the case was 9.9 hours, at a rate of $75 per hour, resulting in paralegal fees of $742.50; the total amount of expenses incurred in the case was $995.87. Thus, according to counsel, the total amount of attorney fees, paralegal fees, and expenses Great Investors had incurred in the case was $22,813.37. At the hearing, counsel for Great Investors told the court that he wanted to "add . . .

3

an additional exhibit" as it "just gives a better breakdown of all of the time and expense that I put into this case. . . ."

Counsel for Great Investors further stated that said exhibit broke down the costs of attorney fees and expenses even further than the affidavit which he had attached to the motion "as to the time and expense that was necessary in pursuing not only the claims we brought by way of our counter-claim, but primarily defending the claim that had been brought by [Razavi]." Counsel stated that "[t]he quantum meruit claim took about 50 percent of the time," explaining that although it was meritless, the parties had "spent so much time" on the claim at and before trial.

The trial court "recall[ed] that this quantum meruit claim basically had no merit whatsoever," that a company "did the work, it wasn't even . . . Mr. Razavi," that "there was scant evidence" on his claim "for the work done on the properties," that the court had previously found that the lawsuit was brought in the wrong name, and that "that part of the case . . . definitely – lacked substantial justification for 9-15-14 (b)." The trial court then stated, "I'm going to grant $10,000 in attorney's fees in this case." The trial court later entered a written judgment granting Great Investors' motion, finding that the quantum meruit claim lacked substantial justification, and awarding $10,000 for attorney fees and expenses of litigation.

4

1. We agree that the trial court erred in failing to make proper findings of fact and conclusions of law, in failing to determine the reasonableness of the fees sought, and in rendering a lump sum award.

(a) The trial court erred in failing to make proper findings of fact and conclusions of law.

"OCGA § 9-15-14 (b) authorizes an award of reasonable and necessary attorney fees upon a finding that an action or any part thereof lacked substantial justification."[2] An award pursuant to "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion."[3] "When a trial court decides in its discretion to award attorney fees, . . . the order must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it."[4]

---

[2] *Moon v. Moon*, 277 Ga. 375, 378 (6) (589 SE2d 76) (2003) (punctuation omitted).

[3] *Riddell v. Riddell*, 293 Ga. 249, 250 (744 SE2d 793) (2013) (citations and punctuation omitted); *Haggard v. Bd. of Regents &c.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987); *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 240 (2) (620 SE2d 463) (2005).

[4] *In re Serpentfoot*, 285 Ga. App. 325, 329 (4) (a) (646 SE2d 267) (2007) (punctuation and footnote omitted).

As a basis for awarding fees, the trial court's order in this case states only that "[t]he count set forth in [Razavi's] complaint alleging quantum meruit lacked substantial justification." The trial court did not include in its order any factual finding(s) that underlay that conclusion. "This [conclusion] is insufficient to support the award of fees under OCGA § 9-15-14 [b]."[5] Accordingly, the award must be vacated and the case remanded for the trial court to enter a judgment "containing findings of fact and conclusions of law as to the statutory basis for the award, if any, and the conduct for which it is authorized."[6]

(b) The trial court erred in failing to determine the reasonableness of the fees sought.

"[I]n assessing attorney fees against a party, or the party's attorney, pursuant to OCGA § 9-15-14, the trial judge must make an independent determination concerning the reasonableness and necessity of the fees."[7] Here, the trial court did not

---

[5] *Note Purchase Co. of Ga. v. Brenda Lee Strickland Realty*, 288 Ga. App. 594, 595 (1) (654 SE2d 393) (2007) (footnote omitted).

[6] Id. at 596 (1) (footnote omitted); see *In re Serpentfoot*, supra.

[7] *Duncan v. Cropsey*, 210 Ga. App. 814, 816 (2) (437 SE2d 787) (1993) (citation omitted).

make such determination, either in its order or at the hearing.[8] The court is directed to make such determination on remand.

(c) We also find merit in Razavi's contention that the trial court erred in rendering a lump sum award. "[T]he court failed to sufficiently specify the basis for the particular amount awarded."[9]

"[I]n cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. 'Lump sum' or unapportioned attorney fees awards are not permitted in Georgia."[10]

The additional exhibit which counsel for Great Investors told the trial court he wanted to introduce as evidence, although apparently presented and discussed at the hearing, was not included in the appellate record, and according to unrefuted comments made by Razavi's attorney at the hearing, the exhibit included appeal costs, costs for a summary judgment motion which the court had denied, and costs for claims upon which Great Investors did not succeed. The trial court did not specify

---

[8] Compare, e. g., *Franklin Credit Mgmt. Corp.*, supra at 241 (2) (b).

[9] Id. at 240 (2).

[10] *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009) (citations and punctuation omitted).

that it was excluding these prohibited expenses in its award; the court did not specify how it calculated the $10,000 amount, "i. e., it did not identify which billing entries and specific amounts pertained to the unsuccessful efforts and were being subtracted from the overall attorney fees total of [$22,813.37] so as to reach the [$10,000] amount. We need such detail for proper review."[11]

Therefore, on remand,

[t]he court is directed to indicate the basis for its award. If the court needs supplemental evidence to determine the amount of attorney fees reasonably attributable to [the] prevailing claim[s], it may hold a hearing. Alternatively, if the court concludes it can make the required determination without such evidence, by further considering the evidence already submitted . . . , it may do so.[12]

2. We next address Razavi's contention that the trial court erred in awarding attorney fees in any amount. Razavi argues that although "the standard remedy for errors of the type presented in this appeal is to simply remand the case, and instruct

---

[11] *Franklin Credit Mgmt. Corp.*, supra at 242 (2) (d); see *Trotman v. Velociteach Project Mgmt., LLC*, 311 Ga. App. 208, 214 (6) (715 SE2d 449) (2011).

[12] *Huggins v. Chapin*, 233 Ga. App. 109, 110-111 (503 SE2d 356) (1998); see *Williams v. Becker*, 294 Ga. 411, 414 (2) (b) (754 SE2d 11) (2014); *Franklin Credit Mgmt. Corp.*, supra at 243 (2) (d); *Bankston v. Warbington*, 319 Ga. App. 821, 823 (2) (738 SE2d 656) (2013); *Trotman*, LLC, supra; *Brewer*, supra.

8

the trial court to enter appropriate findings of fact, or even allow additional evidence, . . . . a remand would be inappropriate in this particular case," because the quantum meruit claim upon which the award was based did not lack substantial justification; the claim for attorney fees was barred by the doctrines of res judicata or collateral estoppel; and fundamental principles of jurisprudence militate against allowing Great Investors multiple attempts to obtain attorney fees.

(a) In view of our holding in Division 1, we do not reach Razavi's contention that his quantum meruit claim did not lack substantial justification.

(b) Razavi contends that because Great Investors "or even the [trial] Court itself" failed to "put in issue" the question of whether Great Investors was entitled to attorney fees pursuant to OCGA § 9-15-14 at the conclusion of the trial, "the principles of res judicata (or collateral estoppel) clearly applied]," and "the trial court's denial of [Great Investors'] claim for attorney fees, under OCGA § 13-6-11 . . . barred his subsequent claim under OCGA § 9-15-14." We disagree.

> Res judicata acts as a procedural bar to claims that were raised or could have been raised in a prior action. As a procedural bar, res judicata operates to eliminate substantive claims, but it does not do so by

reaching the merits of those claims. Indeed, the merits have already been or should have been resolved in the prior lawsuit.[13]

"[T]he related doctrine of collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies."[14]

"Both [doctrines] require previous litigation and adjudication on the merits."[15] In this case, the doctrines of collateral estoppel and res judicata are inapplicable "because both require a previous action between the same parties, and the trial court's orders [concerning Great Investors' entitlement to attorney fees pursuant to OCGA §§ 13-6-11 and 9-15-14 (b)] came in the same action now on appeal."[16]

(c) Razavi contends that a remand would be inappropriate in this case because such would allow Great Investors to have "multiple attempts at attorney fees." Razavi

---

[13] *Bryan County v. Yates Paving & Grading Co.*, 281 Ga. 361, 363 (638 SE2d 302) (2006) (citations omitted); see OCGA § 9-12-40.

[14] *Body of Christ Overcoming &c. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010) (citation omitted).

[15] *Slakman v. State*, 280 Ga. 837, 841 (2) (c) (632 SE2d 378) (2006) (citation omitted).

[16] *State v. Mizell*, 288 Ga. 474, 478 (3) (705 SE2d 154) (2010) (citation omitted).

argues that "it is time for this Court to end its practice of allowing attorneys a special dispensation to 're-try' their claims for attorney fees, where, as here, they have failed to support their claims in the trial court," and that "[i]t is a fundamental principle of jurisprudence that a litigant is expected to put on his complete case at trial."

But the record in this case does not reflect that Great Investors failed to support its claims for attorney fees in the trial court. And contrary to Razavi's argument, the "practice" of remanding cases in these circumstances is not unique to this court, and in this case, the purpose is to afford the *trial court* (as opposed to a litigant) an opportunity to clarify its intent and the basis for its ruling, so that we can properly review the ruling.[17] Thus, this contention is without merit.

*Judgment vacated and case remanded with direction. Ellington, P. J., and McMillian, J., concur.*

---

[17] See *Reese v. Grant*, 277 Ga. 799 (596 SE2d 139) (2004); *United Companies Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996); *Keeler v. Keeler*, 263 Ga. 151, 152 (2) (430 SE2d 5) (1993).