# Court of Appeals
# of the State of Georgia

ATLANTA,  January 19, 2017

*The Court of Appeals hereby passes the following order:*

## A16A1930. FLORES v. GREENE et al.

This Court granted Judy Flores's application for discretionary appeal from an order awarding attorney fees pursuant to OCGA § 9-15-14 (b) in a child custody/visitation case. Flores (the child's paternal grandmother) challenges the trial court's order awarding attorney fees to Christina Greene (the child's mother) and Jim and Rebecca Greene (the child's maternal grandparents). For the reasons that follow, we vacate the order and remand the case with direction.

In a prior appeal by Flores, this Court reviewed fee awards the trial court made pursuant to OCGA § 9-15-14 (b). *Flores v. Greene*, Case No. A15A2052 (decided February 2, 2016) (unpublished) ("*Flores I*"). In *Flores I*, the trial court had ordered Flores to pay Christina Greene $5,000 in attorney fees, based on its finding that Flores had "unnecessarily expanded this litigation by secreting and withholding custody of the minor child from the . . . Mother." The trial court also ordered Flores to pay Jim and Rebecca Greene $5,000 in attorney fees, based on its finding that Flores had "unnecessarily expanded this litigation by naming the maternal grandparents . . . as parties defendant to this suit, even though [Flores] sought no specific relief against them[.]" Id. In *Flores I*, this Court noted that the parties had not provided any citations to the hearing transcript indicating "that the trial court had considered evidence as to the amount of reasonable and necessary attorney fees expended by the mother and maternal grandparents in defending against any portion of the paternal grandmother's case that 'lacked substantial justification.'" We thus vacated the attorney fee awards and remanded the case for the trial court to conduct an evidentiary

hearing regarding the amount of reasonable and necessary attorney fees expended by Christina, Jim and Rebecca Greene in defending against any portion of Flores's case that lacked substantial justification.

On remand, the parties asserted at the evidentiary hearing that attorney fees attributable to the improper conduct amounted to the following: $3,982, at most (according to counsel for Flores, based on the amount incurred after the Texas case came to Georgia); $6,525 (according to counsel for Jim and Rebecca Greene); $8,000 (the amount Christina Greene claimed to have paid counsel); and $20,870 (according to counsel for Christina Greene). The trial court thereafter found that Flores had unnecessarily expanded the litigation, and ordered Flores to pay $5,000 to Christina Greene and $5,000 to Jim and Rebecca Greene. This order, like the prior one, did not include any findings as to the reasonableness and necessity of the fees, and did not show that the fee awards were limited to those fees incurred because of Flores's improper conduct.

In this appeal, Flores contends that the trial court erred by again awarding attorney fees without making "the necessary detailed allocation of attorney fees" among the allegedly improper acts by Flores or her attorney.[1]

Under OCGA § 9-15-14 (b),

[t]he court may assess reasonable and necessary attorney[] fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification . . . or if it finds that an attorney or party

---

[1] Although Flores also alleges other errors, we limit our review in this discretionary appeal to the issue of whether the trial court made the required independent determination concerning the reasonableness and necessity of the fees. See generally Court of Appeals Rule 31 (a) (providing that discretionary applications shall be granted only when reversible error appears to exist or the establishment of precedent is desirable).

unnecessarily expanded the proceeding by . . . improper conduct.

"We review a trial court's decision to award attorney fees pursuant to OCGA § 9-15-14 (b) for an abuse of discretion." *Murray v. DeKalb Farmers Market*, 305 Ga. App. 523, 525 (2) (699 SE2d 842) (2010).

To recover such fees, the prevailing party must prove the reasonableness of the fees. See id. "[I]n assessing attorney fees against a party, or the party's attorney, pursuant to OCGA § 9-15-14, the trial judge must make an independent determination concerning the reasonableness and necessity of the fees." *Duncan v. Cropsey*, 210 Ga. App. 814, 816 (2) (437 SE2d 787) (1993) (citation omitted). In doing so, a trial court must sufficiently *specify the basis for the particular amount awarded*. See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 240 (2) (620 SE2d 463) (2005) (emphasis supplied). "[I]n cases involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct." *Brewer v. Paulk*, 296 Ga. App. 26, 31 (2) (673 SE2d 545) (2009) (citations and punctuation omitted). We note that "lump sum" or unapportioned attorney fee awards are not permitted in Georgia. See id.

In this case, notwithstanding the evidence adduced at the hearing on remand, the trial court again awarded fees of $5,000 to Christina Greene and $5,000 to Jim and Rebecca Greene without making a determination concerning the reasonableness and necessity of the fees (i.e., the court did not specify the bases for the particular amounts awarded, and did not show that the fee awards were limited to those fees incurred because of Flores's improper conduct). "[T]he trial court's order, on its face fails to show the complex decision making process necessarily involved in reaching a particular dollar figure and fails to articulate why the amount[s] awarded [were $5,000 each] as opposed to any other amount." *The Gibson Law Firm, LLC v. Miller Built Homes, Inc.*, 327 Ga. App. 688, 691 (761 SE2d 95) (2014).

Accordingly, the trial court's order is VACATED and the case is REMANDED for the court to make specific findings as to the reasonableness and the necessity of the fees, limiting the awards to those fees attributable to Flores's improper conduct.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/19/2017__
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*