A89A0781. CREWS et al. v. DOE.
(384 SE2d 267)

BENHAM, Judge.
Appellants brought suit against a named defendant and against John Doe to recover damages incurred in an automobile collision. Appellees are appellants' uninsured motorist carriers who were served and who answered in the name of John Doe. After appellants settled with the named defendant and allegedly gave a covenant not to sue,

one appellee amended its answer to claim a credit against any verdict for the amount paid to appellants by the named defendant. Appellants then moved the trial court for summary judgment on the issue of appellees' entitlement to the credit. This appeal is from the denial of that motion. We affirm.

Relying on *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66 (1) (363 SE2d 303) (1987), appellants insist that appellees are not entitled to write off any part of their coverage because of the settlement with the other party. As far as that argument goes, it is correct. It does not, however, cover what appellees argue they are seeking in this case. Appellees concede that their coverage may not be reduced by any settlement, but they insist that all they seek in this case is the opportunity to plead and prove appellants' previous recovery of part of their damages. We agree that they should be able to do so.

As uninsured motorist carriers, appellees are entitled to answer in John Doe's name and to present any defense which would be available to Doe. *Doe v. Moss*, 120 Ga. App. 762 (1) (172 SE2d 321) (1969). Appellees, therefore, are entitled to be treated as joint tortfeasors with the named defendant.

"[T]here should be but one satisfaction of a single injury. Stated otherwise, in a tort action, compensation, and not enrichment, is the basis for the award of damages." *Atlantic Coast Line R. Co. v. Ouzts*, 82 Ga. App. 36, 58 (60 SE2d 770) (1950). Appellants "upon the principles of equity and good conscience [are] not entitled to recover twice for the same damages, and since the compensation [given them by the named tortfeasor] was clearly intended to compensate [them] in part for the same damages which [they are] seeking to recover in this action, [appellees] could plead the payment of same in reduction or avoidance of [appellants'] right of recovery but not as an absolute bar to [their] right of action. It would thus be a question for the jury's determination, in the event they found for [appellants], as to whether or not [appellants were] entitled to additional remuneration from the [unknown motorist] in order to be fully compensated for [their damages]. . . . [T]he execution of a covenant not to sue one of two joint tortfeasors . . . does not constitute a release of the other tortfeasor, 'and does not bar a proceeding against him, but any sum received from the first may be pleaded and proved in reduction of the amount of damages to be awarded by the jury.' [Cit.]" *Trice v. Wilson*, 113 Ga. App. 715 (2) (149 SE2d 530) (1966).

It may be seen, therefore, that the ruling appellants sought, that appellees are not entitled to any credit for the amount of appellants' settlement with the named tortfeasor, would have been contrary to the authorities cited above. There was no error in denying their motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

*Edgar L. Crossett III*, for appellants.
*Murray, Temple & Dinges, William D. Strickland, W. C. Brooks, James T. Budd*, for appellee.