A02A0746, A02A0747. ADKINS v. KNIGHT; and vice versa.
(568 SE2d 517)

BARNES, Judge.

A jury awarded Ann Marie Adkins $50,000 in her personal injury suit against Randy Edward Knight, and she appeals the trial court's order allowing Knight to set off Adkins' $35,000 settlement with her uninsured motorist carrier. Knight cross-appeals, arguing that if we reverse in Adkins' appeal and do not allow the set-off, then

he should have been able to introduce evidence of the $35,000 settlement to the jury. For the reasons that follow, we reverse the trial court's order and judgment setting off the settlement amount against the verdict. As to Knight's appeal, we affirm the trial court's grant of Adkins' motion in limine to keep out evidence of the settlement with her UM carrier.

A truck owned by L & L Trucking Company ran a stop sign and hit Adkins' vehicle. The truck driver fled the scene, and Adkins subsequently sued L & L Trucking and Knight, contending that Knight was the driver. She also served her insurance company, Georgia Farm Bureau, as a potential UM carrier. Knight responded that he was not the driver, and his defense at trial was that someone else was driving the truck when it hit Adkins' car.

Adkins wrote the trial court on January 11, 2001, explaining that her insurance company had just disclosed that she had $90,000 UM coverage instead of $15,000, and that she anticipated amending the complaint to add John Doe as a defendant. Adkins thereafter forwarded to the court a proposed consent order, signed by all parties, allowing the amendment, but the order was not signed. Knight contends that Adkins announced at the pretrial conference that she no longer wanted to add a John Doe defendant and had settled with her UM carrier. He then moved for an order adding John Doe as a defendant. Adkins objected to Knight's request to add the defendant, contending that the trial court declined at the pretrial conference to add the additional defendant, and moved the court to exclude from trial all evidence of the UM settlement.

The trial court granted Adkins' motion in limine, excluding at trial evidence of her UM coverage or settlement, but further determined that it would set off any jury verdict by the UM settlement. At trial, although Knight contended he was not driving the truck that hit Adkins, the jury found for Adkins against Knight and awarded her "damages in the amount of $50,000." The trial court then set off the $35,000 UM settlement and entered judgment for Adkins in the amount of $15,000 plus costs.

## Case No. A02A0746

Adkins contends on appeal that the trial court erred in setting off her UM settlement against the jury verdict, because the UM carrier and Knight were not joint tortfeasors, the settlement was contractual in nature, and the set-off violated collateral source rules. Knight responds that the set-off was proper because an injured party may only recover once from a single injury.

Joint tortfeasors act negligently either in voluntary, intentional concert or separately and independently, to produce a single indivis-

ible injury for which "a rational basis does not exist for an apportionment of damages." *Gilson v. Mitchell*, 131 Ga. App. 321, 330-331 (205 SE2d 421) (1974), aff'd, *Mitchell v. Gilson*, 233 Ga. 453 (211 SE2d 744) (1975). Adkins' insurance company did not act in any way to produce Adkins' injury. Further, Knight's theory of defense was not that he and the John Doe acted to produce a single injury, but that the John Doe was the tortfeasor and not Knight.

"A tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor." *Thompson v. Milam*, 115 Ga. App. 396, 397 (154 SE2d 721) (1967).

> While it is true that the acceptance of payment by a joint tortfeasor as full settlement will bar an action against anyone jointly liable, in the present case the plaintiff received the funds from a source which was in no way connected with the defendant. Under these circumstances there was no violation of the rule of torts that the plaintiff is not entitled to a double satisfaction for his injuries. [Cits.]

Id.

While evidence of a settlement with a UM carrier who answers in the name of a John Doe defendant is admissible in a trial against Doe's joint tortfeasor, *Crews v. Doe*, 192 Ga. App. 201, 202 (384 SE2d 267) (1989), in the case before us, John Doe was not a named party. Adkins' UM carrier was a third-party stranger to this lawsuit, not a joint tortfeasor who answered for John Doe. While the UM carrier may have a right under its contract of insurance or the terms of its release to recover from a tortfeasor, the tortfeasor has no reciprocal claim against the injured party's insurance company. See *State Farm &c. Ins. Co. v. Bd. of Regents &c. of Ga.*, 226 Ga. 310 (174 SE2d 920) (1970) (workers' compensation carrier not entitled to set off UM payments, because made under contractual obligation rather than as tort damages); *Yates v. Dean*, 244 Ga. App. 333 (535 SE2d 335) (2000) (UM carrier entitled to set off medical payments it made to plaintiff against John Doe verdict it would also be liable for; policy itself provided for nonduplication of payments).

Knight argues that Adkins unfairly reneged on her agreement to add a John Doe defendant and thus exposed him to increased risk because the jury would be less likely to rule against him if it could rule against another existing defendant. Knight has cited no authority for the proposition that such an agreement cannot be withdrawn and has not argued that the trial court erred in denying his motion to add Doe as a party defendant. Additionally, that order does not appear in the record.

Therefore, as the trial court erred in setting off Adkins' $35,000 settlement with her UM carrier against the jury's verdict against Knight, the judgment of the trial court is reversed, and the trial court is directed to issue a new judgment in the full amount of the jury verdict.

*Case No. A02A0747*

Knight argues in his cross-appeal that, if we conclude that the trial court erred in setting off the settlement against the verdict, then the trial court erred in refusing to allow him to present evidence of the settlement during trial. We disagree. As discussed previously, the UM carrier was not a joint tortfeasor, and therefore the trial court did not err in declining to admit evidence of the settlement during Knight's trial. *DeKalb County v. Orwig*, 196 Ga. App. 255, 260 (5) (395 SE2d 824) (1990) (trial court did not err in excluding evidence of co-defendant's settlement and release, because parties were not joint tortfeasors), rev'd on other grounds, 261 Ga. 137 (402 SE2d 513) (1991).

*Judgment reversed with direction in Case No. A02A0746. Judgment affirmed in Case No. A02A0747. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 2002 —
RECONSIDERATION DENIED JULY 8, 2002 — 

*Vansant, Corriere & McClure, Alfred N. Corriere*, for appellant.
*McCall, Finney & Phillips, Earl McCall*, for appellee.