## A08A2143. DZIWURA v. BRODA.
(676 SE2d 400)

BERNES, Judge.

A jury awarded Mindy Broda monetary damages in her personal injury lawsuit against Joan Dziwura stemming from a motor vehicle accident. Dziwura moved to set-off the jury's verdict by the amount of of a settlement agreement entered into between Broda and Dziwura's alleged employer prior to the entry of the verdict, which the trial court denied. Dziwura appeals, arguing that the trial court erred as a matter of law by denying her motion to set-off. For the reasons that follow, we agree and reverse.

Viewed in the light most favorable to the verdict, on or around November 16, 2004, Dziwura negligently collided her vehicle into the back of Broda's automobile. As a result of the accident, Broda suffered severe injuries to her wrist.

Broda filed a personal injury lawsuit against Dziwura, which she later amended to allege that Dziwura was the employee of Winmark Homes and was acting within the scope of her employment at the time of the collision. Broda sought to hold Winmark Homes liable for her injuries under the doctrine of respondeat superior or agency. Winmark Homes answered the complaint and denied that Dziwura was its employee, asserting instead that she was an independent contractor.

The case was tried in March 2008. Fearing its potential liability, Winmark Homes entered into a high/low agreement (the "Agreement") with Broda during the jury's deliberations. Pursuant to the terms of the Agreement, if the jury returned a defense verdict for Winmark Homes or a verdict in favor of Broda for less than

$350,000, then Winmark Homes would be required to pay Broda $250,000. If the jury returned a verdict against Winmark Homes for greater than $3.1 million, then Broda could only collect $3 million from Winmark Homes and would have to forgo collection of the additional amounts. If the verdict was against Winmark Homes and was between $350,000 and $3.1 million, then the verdict would be paid by Winmark Homes without appeal by either party.

The jury returned a verdict in the amount of $1,002,763 against Dziwura and a defense verdict for Winmark Homes. Prior to the entry of judgment, Dziwura filed a motion to set-off from the verdict the $250,000 paid by Winmark Homes pursuant to the Agreement. The trial court denied Dziwura's motion on the ground that the jury had concluded that Winmark Homes was not a joint tortfeasor, and entered judgment against Dziwura in the full amount of the verdict.

Under Georgia law, "[i]f the parties are properly considered joint tortfeasors, then all parties are jointly and severally liable for the full amount of the plaintiff's damages." *Kroger Co. v. Mays*, 292 Ga. App. 399, 401 (664 SE2d 812) (2008). See *Phillips v. Tellis*, 181 Ga. App. 449 (352 SE2d 630) (1987). Consequently, a joint tortfeasor is entitled to set-off any payments made to a plaintiff by another joint tortfeasor so as to prevent a double recovery. See id.; *Ga. Pipe Co. v. Lawler*, 262 Ga. App. 22, 295 Ga. App. (1) (584 SE2d 634) (2003), overruled on other grounds, *Kia Motors America v. Range*, 276 Ga. App. 360, 365 (1) (623 SE2d 514) (2005); *Cole v. Webb*, 267 Ga. App. 174, 177-178 (2) (598 SE2d 886) (2004); *King Cotton v. Powers*, 200 Ga. App. 549, 551 (2) (409 SE2d 67) (1991). On the other hand, a tortfeasor-defendant is not entitled to set-off payments made to a plaintiff from collateral sources, such as plaintiff's uninsured motorist carrier. See *Adkins v. Knight*, 256 Ga. App. 394, 396 (568 SE2d 517) (2002). See also *Olariu v. Marrero*, 248 Ga. App. 824, 826 (1) (549 SE2d 121) (2001); *Powers v. Jones*, 185 Ga. App. 859, 861 (2) (366 SE2d 234) (1988); *J. R. Mabbett & Son v. Ripley*, 185 Ga. App. 601, 605 (3) (365 SE2d 155) (1988).

Winmark was neither a joint tortfeasor nor a collateral source in the traditional sense. Although no Georgia law is directly on point, Section 885 (3) of the Restatement (Second) of Torts favors a set-off under these facts.

> A payment *by any person* made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

(Emphasis supplied.) Comment (f) further elaborates:

> Payments made by one who is not himself liable as a joint tortfeasor will go to diminish the claim of the injured person against others responsible for the same harm if they are made in compensation of that claim, as distinguished from payments from collateral sources such as insurance, sick benefits, donated medical or nursing services, voluntary continuance of wages by an employer, and the like. These payments are commonly made by one who fears that he may be held liable as a tortfeasor and who turns out not to be.

See also Restatement (Second) of Torts, § 920A (1) ("A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.").

While not binding authority, we find the Restatement persuasive. See *Walker v. Giles*, 276 Ga. App. 632, 646 (2) (624 SE2d 191) (2005) (recognizing that this Court can rely on the Restatement as persuasive authority). Accordingly, we hold that Dziwura is entitled to set-off from the jury's verdict the payment made by Winmark in compensation of Broda's claim — a payment made at a time when Winmark was alleged to have been liable for Dziwura's wrongdoing and for the purpose of limiting Winmark's potential tort exposure.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 25, 2009 

*Rodney S. Shockley*, for appellant.

*Field, Rogers & Goldberg, Michael L. Goldberg, Harper, Waldon & Craig, John B. Craig, Goodman, McGuffey, Lindsey & Johnson, Stephanie F. Glickauf*, for appellee.