## S09G1218. BRODA v. DZIWURA.
### (689 SE2d 319)

BENHAM, Justice.

This appeal stems from a grant of certiorari regarding the Court of Appeals' decision in *Dziwura v. Broda*, 297 Ga. App. 1 (676 SE2d 400) (2009). Appellant Mindy Broda and her husband John Broda sued appellee Joan Dziwura, as well as appellee's purported employer Winmark Homes, for negligence associated with injuries appellant sustained in a car accident caused by appellee.[1] At trial, appellant presented evidence that Winmark Homes was also liable for the accident as appellee's employer, whereas Winmark Homes presented evidence that appellee was instead an independent contractor of the real estate brokerage firm which marketed and sold its homes. Prior to the jury rendering its verdict, appellant entered into a high-low agreement[2] with Winmark Homes which provided that if the jury returned a defense verdict for Winmark Homes or a verdict in favor of appellant for less than $350,000, then Winmark Homes would be required to pay appellant $250,000. If the jury returned a verdict against Winmark Homes greater than $3.1 million, then appellant could only collect $3 million from Winmark Homes and would have to forgo collection of the additional amounts. If the verdict was against Winmark Homes and was between $350,000 and $3.1 million, then the exact verdict amount would be paid by Winmark Homes without appeal by either party. The jury returned a verdict against appellee for just over $1 million for appellant's tort claim and a verdict against Mr. Broda for his loss of consortium claim. The jury did not find that Winmark Homes had any liability

---

[1] At trial, appellee conceded fault for the accident which occurred on her way to a meeting for real estate agents selling Winmark Homes.

[2] A high-low agreement is an agreement which sets a fixed range of payment amounts the defendant will pay the plaintiff based on the possible outcomes at trial. See Black's Law Dictionary (8th ed. 2004) (a high-low agreement is "[a] settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the trial.").

508

for appellant's claim.[3] Based on this outcome and the express terms of the high-low agreement, Winmark Homes was obligated to pay appellant $250,000.

Prior to the entry of judgment, appellee moved the trial court to set-off the $250,000 settlement amount from the $1 million verdict amount awarded against appellee. The trial court denied the motion because the jury did not find Winmark Homes to be a joint tortfeasor. Appellee appealed to the Court of Appeals which agreed with the trial court's finding that Winmark Homes was not a joint tortfeasor, but reversed the trial court's denial of the motion for set-off because it determined that appellant was not entitled to a recovery greater than the amount awarded by the jury. In support of its decision to reverse, the Court of Appeals adopted the Restatement (Second) of Torts § 885 (3)[4] and Comment (f).[5] We granted certiorari to consider whether the Court of Appeals correctly held that a set-off was proper in this case. Because we answer in the negative, the Court of Appeals' decision is reversed.

In actions concerning a tort, a benefit bestowed on the injured party should not be shifted so as to create a windfall for the tortfeasor. *Amalgamated Transit Union Local 1324 v. Roberts*, 263 Ga. 405 (1) (434 SE2d 450) (1993). If a windfall must be had, it will inure to the benefit of the injured party rather than relieve the wrongdoer of full responsibility for his wrongdoing. Id. at 407 (citing to *Denton v. Conway Southern Express*, 261 Ga. 41, 46, n. 5 (402 SE2d 269) (1991)). In keeping with this purpose of full responsibility, a tortfeasor cannot diminish his liability based on payments made by a non-tortfeasor. See *Adkins v. Knight*, 256 Ga. App. 394 (568 SE2d 517) (2002) (award against defendant could not be set-off against

---

[3] The verdict form read:
"_✓_We, the jury, find in favor of Plaintiff Mindy Broda and against: (choose one)
_✓_ Defendant Joanne Dziwura;
___ Defendants Joanne Dziwura and Winmark Homes
in the amount of $1,002,763.00."

[4] Restatement (Second) of Torts § 885 (3):
A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

[5] Restatement (Second) of Torts § 885, Comment (f):
Payments made by one who is not himself liable as a joint tortfeasor will go to diminish the claim of the injured person against others responsible for the same harm if they are made in compensation of that claim, as distinguished from payments from collateral sources such as insurance, sick benefits, donated medical or nursing services, voluntary continuance of wages by an employer, and the like. These payments are commonly made by one who fears that he may be held liable as a tortfeasor and who turns out not to be.

plaintiff's settlement with her uninsured motorist carrier because the carrier was not a tortfeasor); *Thompson v. Milam*, 115 Ga. App. 396, 397 (154 SE2d 721) (1967) ("A tortfeasor can not diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who [is] not a joint tortfeasor."). "Basic fairness and justice dictate that a tortfeasor should not benefit from a plaintiff's good fortune in reaching settlements with other potential defendants not determined to be liable." *Fidelholtz v. Peller*, 81 Ohio St. 3d 197, 202 (690 NE2d 502) (1998).

Here, because the jury's verdict determined that Winmark Homes was not responsible for appellant's injury, the existence of the high-low agreement placed appellant in a position where she would recover a total dollar amount in excess of the jury award. The applicability of a set-off is predicated on the settling party being liable, at least in some part, for the plaintiff's injury. See *Gouty v. Schnepel*, 795 So2d 959, 965 (Fla. 2001) (defendant who was determined to be 100% liable was not entitled to set-off based on co-defendant's pre-trial settlement with the plaintiff); *Porter Hayden Co. v. Bullinger*, 350 Md. 452, 470 (713 A2d 962) (1998) ("when there is a judicial determination by either a judge or jury that the releasee is not liable, the releasee is not considered a joint tort-feasor" and the non-settling defendant is not entitled to a setoff); *Fidelholtz*, supra, 81 Ohio St. 3d 197 (settling co-defendant must be liable in tort before set-off allowed for damages against non-settling defendant). Since appellee was found to be solely responsible for appellant's injury, appellee was not entitled to a set-off for any payment received by appellant from a defendant whom the jury determined had no responsibility for the injury. Id.; *Amalgamated Transit*, supra, 263 Ga. at 407. Accordingly, the Court of Appeals erred when it determined appellee was entitled to a set-off.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*Fried, Rogers & Goldberg, Michael L. Goldberg, Robertson, Bodoh & Nasrallah, Mathew G. Nasrallah*, for appellant.

*Downey & Cleveland, William C. Anderson, Mary E. Priest*, for appellee.