## A10A1155. McREYNOLDS v. KREBS.

(705 SE2d 214)

ADAMS, Judge.

Carmen McReynolds, one of two defendants in a tort action arising out of an automobile accident, appeals the dismissal of her co-defendant, as well as her corresponding cross-claims. The trial court reasoned that the Tort Reform Act of 2005 had eliminated her claims of contribution or set-off and replaced it with a process of apportionment, which did not require the presence of the co-defendant. She also appeals the denial of her motion to enforce a settlement agreement with the plaintiff.

The evidence shows that plaintiff Lisa Krebs was riding as a front-seat passenger in a 2002 General Motors ("GM") Chevrolet Trailblazer on Interstate 75 when the vehicle was struck by a car

being driven by McReynolds. The impact caused the Trailblazer to roll over and land in a ditch, seriously injuring Krebs. Krebs brought suit against McReynolds and GM, alleging that the vehicle's lack of crash-worthiness contributed to her injuries. McReynolds answered and filed a cross-claim against GM for, among other things, set-off and contribution.[1] McReynolds also moved to enforce an alleged settlement agreement with Krebs, but the trial court eventually denied that motion.

On or about December 22, 2006, GM settled with the plaintiff; the terms included a confidentiality agreement. McReynolds then began a series of efforts to force Krebs and GM to disclose the terms of the settlement, including moving to compel responses to discovery. McReynolds argued consistently that, in the event she was found liable for Krebs's injuries, she would be entitled to either contribution from GM or set-off in the amount of GM's settlement.

GM moved to dismiss McReynolds's cross-claim on the ground that the revisions to OCGA § 51-12-33, made pursuant to the Tort Reform Act of 2005, had abolished joint and several liability in Georgia and that, therefore, McReynolds had failed to state a claim upon which relief could be granted. McReynolds responded and argued that OCGA § 51-12-33 was not applicable because that entire Code section applies only in cases where the plaintiff is to some degree responsible for her own injuries, unlike the present case. McReynolds further argued that even if that Code section abolished joint and several liability, it did not eliminate her right to contribution or set-off under OCGA § 51-12-32.

At the May 2007 hearing on the motion, the topic of deposing Krebs's experts regarding GM's potential liability was raised, and the court stated, "In view of the current state of the law, the defendant can present a case as to apportionment. . . ." Krebs added that McReynolds might have to hire her own experts in order to present an apportionment claim under OCGA § 51-12-33. The court agreed that McReynolds might need additional time to depose experts regarding GM's possible liability. Nevertheless, McReynolds continued to assert that she was entitled to set-off and disclosure of the GM settlement amount, or contribution. GM argued that the law now called for apportionment based on a percentage of fault; that its settlement was irrelevant; that set-off and contribution were no longer allowed; and that under apportionment, it was not required to be a party.

Following the hearing, the trial court denied McReynolds's

---

[1] McReynolds also asserted a claim for subrogation, which she now concedes is inappropriate under the facts of the case.

motion to compel discovery of the settlement amount but extended discovery through August 2007. The court also granted GM's motion to dismiss on the ground that OCGA §§ 51-12-31 and 51-12-33 abolished joint and several liability and that, therefore, set-off and contribution were not applicable. In January 2009, the parties entered into a consolidated pretrial order. McReynolds continued to rely on set-off or contribution; she did not state a claim for apportionment. She reasserted the allegations in Krebs's complaint that GM was partially at fault, argued that they were admissions in judicio, and moved to allow them at trial.

At the beginning of the trial, McReynolds admitted she had no evidence regarding GM's potential liability other than the allegations in Krebs's complaint. In response to Krebs's motion, the court refused to allow McReynolds to mention any allegations against GM during trial. The jury found McReynolds liable for Krebs's injuries and awarded damages in the amount of $1,246,000.42. The court entered judgment against her in the full amount of the jury's verdict. The court denied McReynolds's motion for new trial, which raised the same issues outlined above.

1. McReynolds first contends the trial court erred by dismissing her cross-claim against GM and thereby discharging GM from the suit. She argues the trial court erred in its interpretation of OCGA § 51-12-33 and in concluding that she did not have a right of contribution or set-off. "We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Punctuation omitted.) *Welch v. Ga. Dept. of Transp.*, 276 Ga. App. 664 (624 SE2d 177) (2005).

The issue raised in this case arises in part out of the wording of subsections (a) and (b) of OCGA § 51-12-33, which, as modified by the Tort Reform Act of 2005, requires apportionment of damages in certain cases. Subsection (a) states that it applies when the plaintiff "is to some degree responsible," but subsection (b) does not:

> (a) Where an action is brought against one or more persons for injury to person or property and the plaintiff is to some degree responsible for the injury or damages claimed, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall determine the percentage of fault of the plaintiff and the judge shall reduce the amount of damages otherwise awarded to the plaintiff in proportion to his or her percentage of fault.

> (b) Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be

awarded, if any, shall after a reduction of damages pursuant to subsection (a) of this Code section, if any, apportion its award of damages among the persons who are liable according to the percentage of fault of each person. . . .

OCGA § 51-12-33.

Addressing the issue raised by that language, this Court has recently held that under OCGA § 51-12-33, a trier of fact is required to apportion its award of damages among multiple defendants even when the plaintiff bears no fault. *Cavalier Convenience v. Sarvis*, 305 Ga. App. 141 (699 SE2d 104) (2010). In that case, a person injured in a car accident sued three defendants. Prior to trial, the plaintiff moved to preclude the issue of apportionment from being argued or submitted to the jury. Like McReynolds in this case, the plaintiff in *Cavalier* argued that the entire Code section only applied when there was an allegation that the plaintiff was at least partially at fault for his or her own injuries. This Court held that the changes made to the Code section under the Tort Reform Act of 2005 showed that the legislature intended to require apportionment even in cases where the plaintiff was not alleged to be at fault. The court also found that OCGA § 51-12-32, which provides a right of contribution, did not require a different result. Rather, its effect was limited by the 2005 amendments which added the words, "[e]xcept as provided in Code Section 51-12-33." *Cavalier*, 305 Ga. App. at 145. Following *Cavalier*, we conclude that apportionment is required in this case even though it is undisputed that Krebs was not at fault.

The remainder of the Code section explains the procedure to be followed for apportionment. Subsections (c) and (d) explain that apportionment is to be determined based on the fault of all parties liable for the plaintiff's injuries regardless of whether they are parties to the suit, including parties who have settled with the plaintiff.[2] Subsections (a), (b) and (f) provide that the trier of fact shall apportion the plaintiff's damages based on the percentage fault

---

[2] These subsections provide as follows:

(c) In assessing percentages of fault, the trier of fact shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.

(d) (1) Negligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault.

(2) The notice shall be given by filing a pleading in the action designating the nonparty and setting forth the nonparty's name and last known address, or the best identification of the nonparty which is possible under the circumstances, together with a brief statement of the basis for believing the nonparty to be at fault.

of parties and nonparties.[3] Finally, subsection (b) provides that when apportionment is required by the Code section, the defendants have no right of contribution:

> Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

OCGA § 51-12-33 (b). Thus, GM was not required to be a party to the suit after it settled, and McReynolds had no claim of contribution. We also see no basis for set-off given that the statute requires each liable party to pay its own percentage share of fault and McReynolds presented no evidence regarding GM's alleged fault. See generally *Broda v. Dziwura*, 286 Ga. 507, 509 (689 SE2d 319) (2010) ("The applicability of a set-off is predicated on the settling party being liable, at least in some part, for the plaintiff's injury.").

Given that OCGA § 51-12-33 requires apportionment of damages in cases such as this regardless of whether GM is a party, that GM had settled with the plaintiff, and that McReynolds had raised no other valid claim against GM, the trial court did not err by granting GM's motion to dismiss. But see *Murray v. Patel*, 304 Ga. App. 253 (696 SE2d 97) (2010) (finding error in the dismissal of a third-party defendant who could be liable for his share of an apportionment of damages under OCGA § 51-12-33).

2. McReynolds contends the trial court erred by ruling that she could not cross-examine Krebs on the difference between her complaint, in which she alleged that GM was partially at fault for her injuries, and her answers to discovery, in which she denied the same allegations. "[T]he admission of evidence is generally committed to the sound discretion of the trial court, 'whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion.' [Cit.]" *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454, 457 (2) (543 SE2d 21) (2001).

First, with regard to the complaint, the allegations in the plaintiff's complaint do not amount to evidence of GM's liability; "opinions and conclusions in the pleadings are not admissions in judicio." *Crosby*

---

[3] Subsection (f) provides as follows:
(f) (1) Assessments of percentages of fault of nonparties shall be used only in the determination of the percentage of fault of named parties.
(2) Where fault is assessed against nonparties pursuant to this Code section, findings of fault shall not subject any nonparty to liability in any action or be introduced as evidence of liability in any action.

*v. Cooper Tire &c. Co.*, 240 Ga. App. 857, 867 (7) (b) (524 SE2d 313) (1999), rev'd on separate grounds, *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454; *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990). Second, Krebs amended her complaint with the pretrial order wherein she did not allege that GM had liability for her injuries. *Cooper Tire*, 240 Ga. App. at 867 (7) (a). Third, the fact that McReynolds added those allegations to her own statement of the case in the pretrial order does not authorize their admission as evidence against GM.

McReynolds also wanted to admit the complaint and answers to discovery to show that Krebs had engaged in "conflicting pleading" or had made a "conflicting and inconsistent claim" by initially alleging that GM was responsible but then asserting at trial that McReynolds was solely responsible. But, as shown, the complaint had been amended by the pretrial order and there was no conflict between the pretrial order and the plaintiff's response to the requests to admit. Under these circumstances, we cannot conclude the trial court abused its discretion by refusing to allow introduction of what McReynolds characterized as "plaintiff's conflicting and inconsistent claim."

3. McReynolds contends, in the alternative, that the trial court should have apportioned damages between her and GM. But despite being given extra time in discovery to pursue the matter, McReynolds admitted at the beginning of trial that she had no evidence to present regarding GM's liability. And McReynolds rested following the plaintiff's case without presenting any evidence whatsoever. She therefore presented no evidence on which apportionment of liability could be based. And she waived any issue with regard to the verdict form.

4. McReynolds also contends the trial court erred by denying her motion for summary judgment in which she argued that she and Krebs entered into an enforceable settlement agreement.

> On appeal from a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review, viewing the evidence in a light most favorable to the nonmoving party. The movant must demonstrate that the evidence of record is insufficient to create a jury issue on at least one essential element of the dispute.

(Citations and punctuation omitted.) *Matrix Financial Svcs. v. Dean*, 288 Ga. App. 666 (655 SE2d 290) (2007). See also *Stephens v. Alan V. Mock Constr. Co.*, 302 Ga. App. 280, 281 (1) (690 SE2d 225) (2010).[4]

The record shows that Krebs demanded that McReynolds pay

---

[4] Similarly, we review a grant or denial of summary judgment de novo and construe the

the bodily injury limits available under her insurance policy, and the demand specified that it would remain open until September 6, 2005. On September 1, 2005, McReynolds's insurance carrier Patriot General Insurance Company responded as follows:

> This fax will confirm receipt of your letter dated 8/24/05 in which you made a demand for the bodily injury limits available under [the] policy. . . . Our limits are $25,000/ $50,000 and we agree to settle this matter for the $25,000 per person limit. Please call me in order to discuss how the liens (specifically, but not limited to the $273,435.35 lien from Grady Memorial Hospital) will be resolved as part of this settlement.

On September 27, 2005, the insurance company sent a letter which stated, "This will supplement [our] 9/1/05 response to your policy limit demand of 8/24/05. Patriot General has tendered its full policy limit of $25,000 to Ms. Krebs, *subject to liens.*" (Emphasis supplied.) This letter does not mention any telephonic or other communications between the parties. The trial court, following *Frickey v. Jones*, 280 Ga. 573 (630 SE2d 374) (2006), held that the carrier's September 1, 2005 response was not an unequivocal acceptance of Krebs's demand because it was conditioned on resolution of liens, including the Grady Hospital lien.

"A settlement agreement must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed." (Citation and punctuation omitted.) *Greenwald v. Kersh*, 275 Ga. App. 724, 726 (621 SE2d 465) (2005). Thus, "[a]n answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." (Citations and punctuation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 698 (446 SE2d 199) (1994).

The case of *Frickey* presents very similar facts. There, the plaintiff demanded the policy limits from the defendant and required a response within a short amount of time. *Jones v. Frickey*, 274 Ga. App. 398, 399 (618 SE2d 29) (2005). The defendant's insurance company responded:

> [W]e are willing to tender our full policy limits of $100,000.00. . . . We stand ready to issue payment upon

---

evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

receipt of the fully executed release enclosed. Obviously, payment is complicated by what appears to be a Grady Hospital lien as well as potential liens by (Jones') health carrier. Please advise me of the status of these liens.

Id. The Supreme Court held that the language in this letter regarding the hospital and other liens "imposed an added condition, not merely to 'confirm' the nonexistence of any outstanding liens . . . but to 'resolve' the [liens]." *Frickey*, 280 Ga. at 575.

Patriot General's letter in this case added the same condition. It required that the liens "be resolved as part of this settlement." Following *Frickey*, we hold that the September 1, 2005 letter "constituted a counteroffer and no binding agreement was formed." *Frickey*, 280 Ga. at 576.

McReynolds contends the trial court overlooked a September telephone call between the parties and the fact that the September 27 letter memorialized the fact that Krebs accepted her carrier's "counter-offer" during that telephone call. But we find no such evidence in the record, and we construe the evidence we do have in favor of Krebs.

5. We have reviewed McReynolds's unenumerated assertions of error and find them to be without merit.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 23, 2010 —
RECONSIDERATION DENIED DECEMBER 10, 2010 — 

*Eason, Kennedy & Crawford, Richard B. Eason, Jr., David S. Crawford, Carlock, Copeland & Stair, David F. Root, Cheryl H. Shaw*, for appellant.

*Cooper, Jones & Cooper, Lance A. Cooper, King & Spalding, Halli D. Cohn, Jennifer A. Simon, Lewis S. Fine, Kristin P. Killeen, Patrick A. Dawson*, for appellee.