S13A0827. RIDDELL v. RIDDELL.

(744 SE2d 793)

MELTON, Justice.

Benjamin Riddell ("Husband") and Molly J. Riddell ("Wife") were divorced on November 2, 2007, and, in May 2009, Husband was granted a modification of his child support obligation to the parties' single child together. In the final order granting this modification, the trial court set forth the gross monthly incomes of Husband and Wife at that time. Later, Husband became delinquent in his child support payments and accumulated arrears of nearly $19,000. Wife then moved to have Husband held in contempt, and Husband moved to have his child support obligation modified for a second time. Following a March 27, 2012 hearing at which both motions were considered, the trial court held Husband in contempt and denied Husband's petition for a downward modification.[1] In connection with the denial of Husband's petition for a downward modification, the trial court reasoned that:

> [t]here was no evidence whatsoever presented [at the March 27, 2012 hearing] as to the income and the financial status of the parties at the time of the [May 2009 order on Husband's first petition for a downward modification], and therefore there is no evidence before this court to justify me

---

[1] Different trial court judges signed the May 2009 order and the March 2012 order.

even getting to the point of calculating a new child support amount. And the motion for Modification is denied.

The record reveals, however, that Husband specifically pointed out to the trial court in his closing argument that the evidence of the parties' respective incomes was part of the record, as the May 2009 order itself states that Husband's income was $2,720 per month, and Wife's income was $1,853.41 per month at that time. Despite Husband's efforts to get the trial court to consider the record, the trial court instructed Husband's counsel to stop his argument and take a seat. Husband's counsel did as instructed.

On April 26, 2012, Husband filed a motion for new trial, arguing in part that the ruling with respect to his petition for a downward modification was "contrary to the evidence insomuch as the Court's previous findings of fact and conclusions of law in a previous Modification sets forth the earnings of the part[ies], thereby serving as proof of the parties' previous earnings." The trial court denied the motion for new trial on July 3, 2012, and, on July 10, 2012, Wife filed a motion for attorney fees. On September 21, 2012, the trial court granted Wife's motion for attorney fees pursuant to OCGA § 9-15-14 (b), specifically finding that Husband's "Motion for New Trial was brought by the [Husband's] counsel when counsel knew that it lacked justification and was done so to cause unnecessary delay in the Court proceedings." Fees were assessed against both Husband and his trial counsel. Husband's trial counsel now appeals the assessment of fees against him. For the reasons set forth below, we reverse.

OCGA § 9-15-14 (b) authorizes an award of reasonable and necessary attorney fees upon a finding that an action or any part thereof lacked substantial justification, was interposed for delay or harassment, or an attorney or party unnecessarily expanded the proceeding by other improper conduct. "The damages authorized by § 9-15-14 'are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with (abusive litigation).' [Cits.] [Cit.]" *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009). An award of fees under "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Bd. of Regents &c.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

*Abt v. Abt*, 289 Ga. 166, 167 (709 SE2d 806) (2011).

In this case, Husband's counsel filed a motion for new trial to urge the trial court to consider findings made in the prior modification action between the same parties and before the same court. This request is not without substantial justification, as we have previously held that "a trial court may take judicial cognizance . . . of records on file in its own court." *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984).[2] Therefore, the trial court's ruling that Husband's counsel "knew that [the motion for new trial] lacked justification" is an abuse of discretion under the facts of the present case.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 17, 2013.

*Christopher C. McClurg*, for appellant.
*Christopher T. Adams, Eric J. Tatum*, for appellee.

---

[2] This does not mean that the trial court was *required* to take judicial notice of the previous order.