In the Supreme Court of Georgia

Decided:  July 11, 2014

S14A0391.  MITCHELL et al. v. WELLS FARGO BANK, N.A. et al.

HUNSTEIN, Justice.

Appellants Richard and Deborah Mitchell appeal from the dismissal of their lawsuit against Appellees Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc. ("MERS"), and their successors.[1]  We find that the trial court properly granted Appellees' motion to dismiss based on a bill of peace, which barred Appellant Richard Mitchell from filing future lawsuits without prior court approval.  Therefore, we affirm.[2]

In November 2005, Richard Mitchell ("Mitchell") obtained title to property located at 455 St. Regis Drive, Alpharetta, Georgia, and executed a security deed in favor of MERS, who subsequently assigned the security deed

[1]Appellants specifically named as defendants "any unknown heirs, devisees, grantees, creditors, successors in interest, and other unknown persons, or unknown spouses claiming by, through and under any of the . . . named defendants."

[2]Appellants filed their appeal in the Court of Appeals, which transferred this case to this Court because a substantive issue on appeal involved the legality or propriety of an equitable bill of peace.

to Wells Fargo as trustee. The property was foreclosed upon after Appellants became delinquent on their mortgage payments, and Wells Fargo purchased the property at a foreclosure sale on February 3, 2009. Since that time, Appellants admit that they have made numerous "dilatory filings," proceeding pro se, in state, federal, and bankruptcy courts.

In May 2010, Mitchell filed a complaint against Wells Fargo in Fulton County Superior Court in case number 2010-CV-185623. Wells Fargo moved to dismiss the complaint and moved for a bill of peace pursuant to OCGA § 23-3-110 against Mitchell as a measure to end Mitchell's "meritless filings" in state court. On July 21, 2011, the trial court issued an order granting Wells Fargo's motion to dismiss for lack of jurisdiction because Mitchell had not properly served Wells Fargo. The court also granted Wells Fargo's motion for a bill of peace, finding that the records of Fulton County courts reflected "nothing less than repeated and contemptuous behavior in the courts of this State" and that the lengthy history of filings in federal court showed a pattern of behavior by Mitchell consistent with his state filings. The court concluded that pursuant to OCGA § 23-3-110, "a bill of peace [was] warranted, in order to stop

2

[Mitchell's] abuse of the courts of Georgia."[3] The court permanently enjoined Mitchell from filing any pleading or complaint related to the foreclosure and eviction from the property at issue for a period of five years unless Mitchell first received written approval from the court. The court continued that if Mitchell did file such a complaint, Wells Fargo was under no duty to respond, and the complaint or any pleading would be subject to dismissal immediately.[4] Mitchell moved to set aside the order granting the bill of peace, which the court denied orally during a hearing on February 19, 2013.[5]

---

[3]OCGA § 23-3-110 provides as follows:
(a) It being the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace:
  (1) To confirm some right which has been previously satisfactorily established by more than one legal trial and is likely to be litigated again;
  (2) To avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy; or
  (3) In other similar cases.
(b) As ancillary to this jurisdiction, equity will grant perpetual injunctions.

[4]The court also ordered Mitchell to pay Wells Fargo $4,000 in attorney fees.

[5]At the time of the filing of this appeal, the trial court had not issued a written order memorializing its oral ruling denying Mitchell's motion to set aside.

Meanwhile, on May 24, 2012, Appellants, proceeding pro se, filed a complaint to quiet title and for injunctive relief with regard to the property against Appellees in Fulton County Superior Court in case number 2012-CV-215444. Wells Fargo moved to dismiss the complaint, arguing inter alia that Mitchell had failed to receive prior written court approval in violation of the bill of peace. Appellants did not respond. On October 18, 2012, the court granted Wells Fargo's motion to dismiss based on good cause, including the fact that Mitchell was barred from filing the complaint pursuant to the bill of peace. Thereafter, Appellants, represented by counsel, filed a motion to reconsider the order dismissing their complaint, a motion to set aside the dismissal order, and an emergency motion for stay of execution of writs of possession pending a ruling on Appellants' previously filed motions. On November 2, 2012, the court denied all three of Appellants' motions.

Appellants now appeal the dismissal of their complaint, contending that because the court dismissed Mitchell's complaint for lack of jurisdiction over Wells Fargo in case number 2010-CV-185623, the court had no jurisdiction over Wells Fargo to grant them the relief sought in the bill of peace. They assert that because the court lacked jurisdiction over Wells Fargo, the bill of peace was

facially void and a nullity, and they may collaterally attack this void order in this appeal. Appellants thus assert that the trial court erred in dismissing their complaint in case number 2012-CV-215444 by relying on a void bill of peace. Appellees respond that the bill of peace was not void because the court had jurisdiction over Mitchell, and therefore, that the dismissal based on the bill of peace was not in error.

We agree with Appellees. In case number 2010-CV-185623, Wells Fargo made a special appearance and thereby consented to the court's jurisdiction for the limited purpose of filing its motion for a bill of peace, while at the same time contesting the court's personal jurisdiction over it with respect to Mitchell's complaint. Additionally, the court had personal jurisdiction over Mitchell, and Appellants do not argue to the contrary. Therefore, the trial court had jurisdiction to issue the bill of peace, and it is not void on its face.[6] See Nally v. Bartow County Grand Jurors, 280 Ga. 790 (1) (633 SE2d 337) (2006) (order was not void where the appellant failed to show that the court lacked personal or subject matter jurisdiction).

---

[6]We make no ruling on the propriety of the merits of the bill of peace.

5

Without any order setting aside the bill of peace or a reversal thereof on appeal, it remains binding on Mitchell.[7] Accordingly, we find that the court's dismissal of Appellants' complaint in case number 2012-CV-215444 based on Mitchell's failure to comply with the bill of peace was proper. See Rolleston v. Kennedy, 277 Ga. 541, 542 (591 SE2d 834) (2004) (summary dismissal of complaint was correct due to a previously issued bill of peace, which enjoined the plaintiff from claiming an adverse interest in certain property or filing any lawsuit without prior written court approval).[8]

Judgment affirmed. All the Justices concur.

---

[7]We note that the bill of peace names only Richard Mitchell. Deborah Mitchell, however, makes no argument that the bill of peace does not apply to her as well. In any event, we note that an injunction – which is like an equitable bill of peace in many respects – binds not only the persons named in the injunction, but "their officers, agents, servants, employees, and attorneys," as well as "those persons in active concert or participation with them who receive notice of the order by personal service or otherwise." OCGA § 9-11-65 (d).

[8]Appellees' motion to dismiss for lack of jurisdiction is hereby denied.