301 Ga. 120
FINAL COPY

S17A0642. LONG et al. v. CITY OF HELEN et al.

BLACKWELL, Justice.

Merle and Lesia Long own Water Park Properties, LLC, a business in White County that provides its customers with recreational river tubing experiences. Since 2010, the Longs and Water Park have squared off repeatedly against the City of Helen in a series of lawsuits, all of which related to a land-use permitting dispute. After the Longs and Water Park dismissed their most recent lawsuit with prejudice, the trial court awarded more than $17,000 to the City for attorney fees and litigation expenses pursuant to OCGA § 9-15-14. The Longs and Water Park appeal, contending that the award of fees and expenses was improper because those fees and expenses actually were borne by the City's insurer, not the City itself.[1] We affirm.

---

[1] When the trial court awarded attorney fees and litigation expenses to the City, it also (in the same order) entered an equitable bill of peace against the Longs and Water Park, forbidding them from filing further lawsuits based on the same allegations against the City and its officers, except with the prior approval of the chief judge of the superior court. See OCGA § 23-3-110. In addition to their claims about the attorney fees and litigation expenses, the Longs and Water Park assert a claim of error with respect to the bill of peace. We conclude that this claim of error is without merit and does not warrant discussion. We note,

Attorney fees and litigation expenses under OCGA § 9-15-14 are limited to those "amounts which are reasonable and necessary for defending or asserting the rights of a party." OCGA § 9-15-14 (d). OCGA § 9-15-14 says nothing, however, about whether the fees and expenses must be principally borne by the party itself. And it is well established that, where a party asserts a frivolous claim or defense as described in OCGA § 9-15-14 (a) or brings or defends an action without substantial justification or for purposes of delay or harassment as described in OCGA § 9-15-14 (b), the trial court may make an award of attorney fees and expenses after it determines (usually following a hearing) the amount of attorney fees and expenses that were "reasonable and necessary." See Williams v. Becker, 294 Ga. 411, 413 (2) (754 SE2d 11) (2014). That the reasonable and necessary fees and expenses might otherwise be borne by the

---

however, that an appeal (like this one) presenting an issue that concerns "the legality or propriety of an equitable bill of peace" is an "equity case" for purposes of appellate jurisdiction, Mitchell v. Wells Fargo Bank, 295 Ga. 620, 620, n. 2 (761 SE2d 295) (2014), and for cases (like this one) in which a notice of appeal was filed before January 1, 2017, this Court has appellate jurisdiction in equity cases. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). But see Moreno v. Smith, 299 Ga. 443, 444, n. 4 (788 SE2d 349) (2016) ("[I]n cases in which a notice of appeal is filed on or after January 1, 2017, the Court of Appeals will have jurisdiction of 'all equity cases, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death.'" (Citation and punctuation omitted)). The appeal from the bill of peace forms the basis for our exercise of appellate jurisdiction in this case.

party's insurer, a friend or relative, or some other non-party does not preclude an award of those fees and expenses under OCGA § 9-15-14. This is consistent with the purpose of the statute, which — in addition to recompensing litigants — is to punish and deter litigation abuses. See Riddell v. Riddell, 293 Ga. 249, 250 (744 SE2d 793) (2013).[2]

Here, the trial court conducted a hearing and confirmed that the hours expended and the rates charged by the City's attorneys were "reasonable and necessary" to defend against two of the claims made in the complaint (one of which it determined was asserted "despite a complete absence of any justiciable issue of law or fact" as provided in OCGA § 9-15-14 (a), and one of which it determined was "interposed for delay or harassment" as provided in OCGA § 9-15-14 (b)). We find no error in these findings, and the trial court did not abuse its discretion when it awarded those "reasonable and necessary" attorney fees

---

[2] We note that this conclusion is also consistent with the origins of OCGA § 9-15-14, which arose out of the torts of malicious use and malicious abuse of the judicial process. See Yost v. Torok, 256 Ga. 92, 94-95 (8), (9) (344 SE2d 414) (1986). We can discern no reason why the collateral source rule would not apply to OCGA § 9-15-14 given its origins in tort law. See generally Broda v. Dziwura, 286 Ga. 507, 508 (689 SE2d 319) (2010) ("a tortfeasor cannot diminish his liability based on payments made by a non-tortfeasor").

(as well as approximately $500 in "reasonable and necessary" expenses) to the City.

Judgment affirmed. All the Justices concur, except Boggs, J., disqualified.

Decided May 1, 2017.

Equity. White Superior Court. Before Judge Miller.

George E. Butler II, for appellants.

Carl S. Free; McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Austin L. Perry, for appellees.