# Court of Appeals
# of the State of Georgia

ATLANTA,  December 23, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0214. DEBRA W. BULLARD v. THE BLACKSTONE GROUP LP, et al.**

It appears that this civil action stems from injuries Debra W. Bullard allegedly suffered at her rental home, and is the latest in a series of unsuccessful cases[1] filed by Bullard against the defendants regarding her injuries. In this case, the trial court entered (1) a bill of peace enjoining Bullard from filing (a) anything further in this case and the prior related cases, or (b) any new action against the parties named in the bill of peace if the filing relates to the subject matter of the related cases, unless the Chief Judge of the Atlanta Judicial Circuit first sanctions the filing, and (2) an order dismissing this case with prejudice. Bullard has filed a timely application for discretionary appeal from these two orders.

It appears that Bullard has a right of direct appeal. In Bullard's first related case the federal district court ruled that she could only re-file that case if she paid certain defendants $5,460 in attorney fees; and OCGA § 5-6-35 (a) (6) requires applications for discretionary appeal in "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less," while OCGA § 5-6-35 (a) (10) requires applications in "[a]ppeals from awards of attorney's fees or expenses of litigation under Code Section 9-15-14[.]" However, even to the extent the trial court's dismissal order here was based on the fees ruling, Bullard may directly appeal the bill of peace, and under OCGA § 5-6-34 (d) "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below" may be reviewed by this Court. See *Long v. City of Helen*, 301 Ga. 120 (799 SE2d 741) (2017) (direct

---

[1] See Case Nos. A19D0381 & A19D0382 (applications denied Apr. 3, 2019).

appeal of order granting a bill of peace and an award of attorney fees under OCGA § 9-15-14); see also *Long v. City of Helen*, Supreme Court Case No. S16D1054 (noting "a final order granting a Bill of Peace is directly appealable"); *Mitchell v. Wells Fargo Bank, N.A.*, 295 Ga. 620 (761 SE2d 295) (2014) (direct appeal of order dismissing case based on bill of peace).

We will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Because it appears that Bullard has a right to directly appeal the trial court's bill of peace and dismissal order,[2] this application is hereby GRANTED, and Bullard shall have ten days from the date of this order to file a notice of appeal with the trial court. If she has already filed a notice of appeal in the trial court, she need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __12/23/2019__
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*

---

[2] Although it appears that the defendants filed a motion for attorney fees pursuant to OCGA § 9-15-14 which is pending in the trial court, the pendency of that motion does not render this case subject to the interlocutory appeal procedure. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002).